■ In the Matter of CARMEN BARRIERA, Petitioner, v EMANUEL POPOLIZIO, as Chairman of the New York City Housing Authority, et al., Respondents.—In this CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (g) by order entered August 12, 1987 in Supreme Court, New York County (Beatrice Shainswit, J.), brought to review respondents' June 4, 1986 determination which terminated petitioner's tenancy on grounds of undesirability, the petition is granted and the determination annulled to the extent of remanding the matter to respondents for reconsideration of the penalty imposed, and otherwise confirmed, without costs or disbursements.

Petitioner has lived at 170 Madison Street, in the Rutgers Houses, for 23 years. Her son, who is now 29 years old, is paralyzed from the waist down as the result of a 1973 accident. Both receive Social Security disability benefits. The son pleaded guilty to criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the third degree and was placed on three years' probation in December 1985. He had a loaded pistol in the cushion of his wheelchair and a rifle and a shotgun at his sister's residence at another address on Madison Street. The weapons at the sister's residence were there because the mother, the petitioner herein, objected to their being in the apartment. The son claimed that because of danger in the area and because a shot had been fired through the peephole of the apartment and he had been mugged and thrown from his wheelchair at one point, he kept the pistol for protection and had purchased the rifle and shotgun, which he hung on the wall in the apartment. These last two items were the stolen property. He also admitted that he was in possession of cocaine and marihuana at the time of his arrest.

The Housing Authority affirmed the findings and recommendation of the Hearing Officer to terminate the tenancy.

The petitioner, herself, was not found to have engaged in

any wrongdoing. Moreover, she objected to the presence of firearms in her apartment, so respondents' determination is based solely on her son's conduct.

Likewise, it is contended that consideration should be given to the fact that the son was placed on probation rather than incarcerated.

We find that the penalty is disproportionate to the offense. *(See, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) While not to be condoned, there is no indication that the weapons that the son possessed were fired or used in injuring anyone *(cf., Matter of Cheek v Christian,* 67 AD2d 887) or that he is currently a menace in the housing project, or elsewhere. Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Ellerin, JJ.