*966 OPINION OF THE COURT
Ira B. Harkavy, J.
The Kings County District Attorney has commenced this proceeding, pursuant to RPAPL 715, to evict the respondent, Debra Underwood, from apartment 12F in premises 202 York Street, Brooklyn, New York, located in the Farragust Houses, on the grounds that respondent, Debra Underwood, with knowledge, permission or acquiescence, has been using and occupying the subject premises unlawfully and for an illegal trade or business, to wit: the possession and sale of controlled substances in violation of article 220 of the Penal Law of the State of New York.
The facts show that on September 9, 1988 an undercover police officer purchased two clear plastic vials of cocaine/ "crack” in exchange for $10 from a female occupant inside apartment 12F, the apartment herein. Based upon said purchase, a search warrant was issued with the search warrant being executed on September 15, 1988. At the time of the execution of the search warrant the police found in the apartment, among other items, 193 small plastic vials containing cocaine and/or "crack” together with one 9mm machine pistol with shells for the 9mm gun and other guns. Respondent, Debra Underwood, was arrested in the apartment at the time of the execution of the search warrant and charged in indictment number 9413/88 with two counts of criminal possession of a controlled substance in the third degree, and two counts of criminal possession of a weapon in the third degree and related charges. The substance analysis report of the police laboratory shows the 193 seized vials contained cocaine weighing one-half ounce plus 45.2 grains. The ballistics report shows the 9mm machine pistol was operable.
On March 4, 1989, respondent, Debra Underwood, pleaded guilty to criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. In her plea, she admitted that she possessed 193 vials of "crack” and cocaine from her apartment at 202 York Street, Brooklyn, New York, with the intent to sell the vials.
On May 15, 1989, the petitioner, the Kings County District Attorney’s Office, served upon the New York City Housing Authority (NYCHA), a notice pursuant to RPAPL 715 requesting that the NYCHA commence a proceeding pursuant to RPAPL 715 to evict the tenant and any subtenants from the apartment. NYCHA replied that at this time it regrettably *967 was unable to comply with the request due to the consent order entered on March 25, 1971 in Escalera v New York City Hous. Auth. (US Dist Ct, SD NY, docket No. 67 Civ 4307), which prohibits the Housing Authority from terminating any tenant’s lease on the ground of nondesirable behavior unless the tenant has first been afforded an administrative hearing conducted according to procedures set forth in that and subsequent court orders. The Housing Authority agreed to cooperate with the District Attorney in any proceeding brought by the District Attorney pursuant to RPAPL 715. The NYCHA did appear in this proceeding by the filing of an answer in which they stated that "the Housing Authority respectfully requests the Court to grant the petitioner the full measure of relief it has prayed for.”
The drug explosion has become a cancer in the life of the residents of Kings County, the City and State of New York and in actuality the entire United States. The President of the United States has declared the war on drugs as his first priority. Extraordinary measures must be taken to help control the sale of drugs, especially "crack.” It is unfortunate that the New York City Housing Authority is bound by cumbersome bureaucratic regulations imposed upon them by Federal agencies and the Federal courts (especially the Escalera order) that prevents the Housing Authority from summarily evicting drug sellers from the housing projects pursuant to RPAPL 715 as would any other reputable owner. Secretary of Housing and Urban Development Jack Kemp has stated that those rules that prevent the summary eviction of drug dealers should be changed. I call on Secretary Kemp and on the Federal judiciary to expeditiously change the Federal regulations and modify the Escalera order so as to allow the New York City Housing Authority to take advantage of RPAPL 715 to remove drug dealers from the city housing projects. In the meantime, we must be relegated to the District Attorney bringing proceedings pursuant to RPAPL 715 or the Federal Drug Enforcement Agency and/or the United States Attorney seizing apartments used by drug dealers pursuant to the pertinent forfeiture statutes.
A summary proceeding commenced pursuant to RPAPL 715 is based upon a violation of law and not upon the violation of a lease agreement and therefore it is not necessary to terminate the lease or give the notices usually required under the *968 New York City Housing Authority rules or under the rules of the Department of Housing and Community Renewal (in the case of nonpublic owners). A proceeding under RPAPL 715 may be brought without regard to waiver, conditional limitation or termination clause of the lease. (See, Murphy v Relaxation Plus Commodore, 83 Misc 2d 838; Nederlander Theat. Corp. v C.A.M.S. Hotel Corp., NYLJ, Nov. 16, 1981, at 7, col 1 [App Term, 1st Dept]; Matter of Kellner v Cappellini, 135 Misc 2d 759; 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 39.20 [3d ed].)
All means must be taken to discourage the sale and use of cocaine and "crack” especially in the housing projects. The use of cocaine and "crack” has resulted in an alarming and overburdening increase of all types of violent crimes. The use of drugs threatens every community and is undermining our social morals and values. It is affecting and eroding our neighborhoods. The use of any real property including leased apartments, for the sale of drugs, especially apartments leased from the government, must be stopped. We must stop the sale of drugs which can and does adversely affect whole neighborhoods, especially city housing projects. Drug dealers must be removed. (See, Kellner v Cappellini, supra; Chan v Rivera, NYLJ, May 17, 1989, at 26, col 4.)
Respondent, Debra Underwood, pleaded guilty to the criminal possession of a controlled substance in the third degree and the criminal possession of a weapon in the third degree. She admitted that she sold "crack” and cocaine from apartment 12F in premises 202 York Street, Brooklyn, .New York. Petitioner has proven by overwhelming evidence that apartment 12F in premises 202 York Street, Brooklyn, New York, is being used for the storage and sale of drugs, especially "crack” and cocaine.
The illegal use of the apartment herein constitutes an illegal trade, business or manufacture pursuant to RPAPL 715. Even if respondent, Debra Underwood, did not admit that she sold "crack” and cocaine from the apartment, the 193 vials of "crack” and cocaine found in the apartment are of sufficient amount to lead any reasonable person to the belief that the drugs were being held for sale.
The court hereby grants a final judgment of possession in *969 favor of the District Attorney of Kings County, the petitioner herein, and/or the New York City Housing Authority, the owner of the premises against the respondent, Debra Underwood, and any and all persons leasing, using or occupying the premises herein. The warrant shall issue forthwith with no stay as to the execution of the warrant.