■ In the Matter of JULIA DICKERSON et al., Petitioners, v EMANUEL P. POPOLIZIO, as Chairman of the New York City Housing Authority, Respondent.—Petition, pursuant to CPLR article 78, transferred to this court pursuant to CPLR 7804 (g) by order of the Supreme Court, New York County (Michael Dontzin, J.), entered February 28, 1989, brought to review respondent's determination, dated May 8, 1988, which adopted a decision and disposition of a Hearing Officer, dated April 27, 1988, which terminated petitioners' tenancy on grounds of undesirability, unanimously granted to the extent of annulling the determination and remanding the matter to respondent for reconsideration of the penalty imposed, and otherwise confirmed, without costs.

Petitioners have resided in Farragut Houses, a New York City public housing project, for over 28 years, with their children. Petitioners' son Michael, aged 27, who is mentally retarded and speech impaired, continues to live with his parents. On March 25, 1988, respondent New York City Housing Authority (Housing Authority) notified petitioners that a hearing would be held to determine whether the tenancy should be terminated for "non-desirability", based upon Michael's alleged sexual abuse of a female neighbor on October 28, 1986.

At the hearing, Police Officer Stephen Christopher testified in detail as to the occurrence upon which the criminal charges were based. Copies of the complaint, indictment, and certificate of disposition, reflecting a conviction of sexual abuse in the first degree and a felony sentence of jail plus probation, were entered into evidence. Michael Dickerson testified at the hearing as to a fight, but nevertheless denied the allegations of sexual abuse. Petitioner Julia Dickerson also testified, contending that Michael had entered the plea under physical and emotional stress. Petitioners also presented letters of support from Michael's probation officer and a community mental health center. The victim of the sexual abuse had

relocated and was unavailable to testify; however, petitioner claimed she had apologized to the family for the misfortune she had caused.

The Hearing Officer determined that, based upon the guilty plea and lack of mitigating circumstances, the charges of nondesirability were supported, and issued a decision and disposition to that effect. The Housing Authority affirmed the findings and recommendation of the Hearing Officer to terminate the tenancy.

Petitioners now contend, *inter alia,* that the Housing Authority's decision to terminate the tenancy violated their due process rights, and was arbitrary and capricious because the penalty imposed is shockingly unfair and that the decision to terminate the tenancy because of nondesirability was not based on substantial evidence.

It is relevant that petitioners, themselves, were not found to have engaged in any wrongdoing and that the Housing Authority's determination was based solely upon the son's conduct. *(Matter of Barriera v Popolizio,* 144 AD2d 251, 252 [1st Dept 1988].) In *Barriera,* we held the penalty of termination of tenancy to be disproportionate to the offense where, as here, the wrongdoing was committed by a son residing with the tenant; moreover, in the matter before us, we believe the son's mental and physical handicaps, while not excusing his conduct, do mitigate the circumstances to be considered. *(Supra; see also, Baldwin v New York City Hous. Auth.,* 65 AD2d 546 [2d Dept 1978] [where court annulled termination of 20-year tenancy where 10 to 11 offenses at issue were committed by a son who no longer resided with petitioner].) We note that in yet another case, *Matter of Milton v Christian* (99 AD2d 984, 985 [1st Dept 1984]), we remanded for reconsideration a penalty of termination of a tenant of 16 years where the tenant himself, as opposed to a relative, precipitated three altercations during a time of "extreme physical and emotional stress".

Similarly, in the instant case, we find the penalty to be disproportionate to the offense, which, we note, was committed four years ago, and the only such incident during petitioners' tenancy. *(See, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233 [1974].) Accordingly, we remand the matter for reconsideration by the Housing Authority to determine a penalty which is not " ' " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness'." ' " *(Matter of Milton v Christian,* 99 AD2d, *supra,*

at 985-986, quoting *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Concur—Kupferman, P. J., Sullivan, Carro and Milonas, JJ.