(June 4, 1991)

■ Leonell McQueen, Appellant, v New York City Housing Authority, Respondent.—Petition in CPLR article 78 proceeding, transferred to this court by order, Supreme Court, New York County (Jawn A. Sandifer, J.), entered on or about November 1, 1990, by which petitioner Leonell McQueen seeks to annul a determination of respondent New York City Housing Authority dated April 11, 1990, which terminated her tenancy, unanimously granted, and the determination annulled, without costs.

Following the non-desirability tenancy hearing administratively conducted by respondent Authority, at which the Hearing Officer found petitioner's 14-year personal tenancy record to be "perfect", a termination order nonetheless issued based entirely on the narcotics activity and conviction of petitioner's 23-year old son, Shawn McQueen. Petitioner challenges her eviction on the ground, *inter alia,* that at the time of the hearing Shawn had permanently moved out of petitioner's apartment.

Paragraph 6 (d) of the Authority's Termination of Tenancy Procedures provides: "If the charges brought against the tenant are based upon the Non-Desirable acts, conduct or behavior of a person (the 'Offender') other than the tenant, it is the Housing Authority's responsibility to prove that the offender occupied the premises at the time of the offense. However, even if the Housing Authority proves this, the tenant may still show that the offender has permanently moved out by the time of the hearing."

In addition, paragraph 6 (d) provides that the tenant may avoid the penalty of losing his or her apartment if "(i) at the hearing on the charge(s), the tenant claims the offender has

301

left the tenant's apartment permanently; and (ii) the tenant presents evidence to the Hearing Officer to support this claim."

This section further provides, in pertinent part that "the Authority may challenge this evidence before the Hearing Officer. Nothing contained in this paragraph 6 (d) is meant to limit the tenant's right to offer any evidence to the Hearing Officer that an offender is no longer occupying the tenant's apartment, including any spoken or written statement by the tenant or other persons."

At the hearing petitioner presented cogent evidence not only that Shawn did not reside at petitioner's apartment (he was incarcerated), but also that upon his release he had made firm arrangements to reside elsewhere. Respondent offered no substantial evidence to the contrary. Accordingly it follows that respondent's determination, lacking substantial evidentiary support upon the decisive issue, must be viewed as arbitrary and capricious and must be annulled (Matter of Sled Hill Cafe v Hostetter, 22 NY2d 607). Since it is nowhere suggested that petitioner or her apartment was ever implicated in any culpable conduct, remand for consideration of a lesser penalty is inappropriate here (cf., Matter of Brown v Popolizio, 166 AD2d 44; Matter of Barriera v Popolizio, 144 AD2d 251). Concur—Murphy, P. J., Rosenberger, Wallach and Asch, JJ.