OPINION OF THE COURT
Per Curiam.
Final judgment entered June 8, 1990 reversed, with $30 costs, final judgment granted in favor of tenant dismissing the petition, and the injunction permanently enjoining tenant and her children from appearing within 1,000 feet of the subject premises is vacated.
In this holdover proceeding, landlord sought the ouster of rent-stabilized tenant Valcarcel pursuant to RPAPL 711 (5) and 715 on the ground of illegal use of the apartment premises. The tenant is a senior citizen who has resided in the apartment for nine years and who presently resides there with seven grandchildren. The basis for the proceeding was the arrest of two of tenant’s emancipated children for narcotics offenses in or about the building premises. The Housing Court granted an eviction upon its finding that Valcarcel "is an objectionable tenant by condoning the illegal trade of drugs engaged in by her two children”.
We reverse and dismiss the petition. There is no claim of misconduct on the part of the tenant of record, nor were drugs recovered from the apartment. Tenant testified that she had no knowledge of her adult children’s involvement with narcotics. Further, it appears that the children who committed the alleged criminal acts did not reside with the tenant, at least as of the time of trial. In such circumstances, a forfeiture should not be enforced by imputing the offenses of tenant’s emancipated children to the tenant — who has not been accused of any wrongdoing (Matter of Brown v Popolizio, 166 AD2d 44; Matter of Barriera v Popolizio, 144 AD2d 251).
In light of our disposition, the court’s order permanently enjoining tenant and her children from appearing within 1,000 feet of the subject premises is vacated. The injunctive power of the Housing Court is limited to the enforcement of housing standards (see, CCA 110 [a] [4]; [c]); it does not extend to restraining the personal liberty of persons who appear before the court.
Riccobono, J. P., Parness and McCooe, JJ., concur.