■ In the Matter of ELIZABETH CABRERA, Petitioner, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents.—CPLR article 78 petition to review a determination of the respondent New York City Housing Authority terminating petitioner's public housing tenancy for nondesirability, transferred to this Court pursuant to CPLR 7804 (g) by order of the Supreme Court, New York County (Ira Gammerman, J.), entered July 5, 1991, unanimously granted, on the law, without costs, the determination is annulled, and the matter is remitted to respondent Authority for imposition of a penalty consistent with the decision and order entered herein.

Since 1975, petitioner Elizabeth Cabrera has lived in the Metro North Houses Project at 345 E. 101st St. in Manhattan. Respondent New York City Housing Authority operates the project. It is undisputed that petitioner's adult children, Ivette

Colon, Ralph Cabrera and Michael Ortiz, possessed crack on project grounds on several occasions between July 5 and September 26, 1988. Ivette Colon also possessed a crack pipe on July 13, 1988.

On December 27, 1989, a hearing was held on charges brought by the Authority alleging the aforesaid acts, and others which were not sustained, and further alleging that petitioner's children committed these acts while residing with the petitioner. At the hearing, at which petitioner appeared *pro se,* the Authority introduced no evidence to demonstrate that petitioner's children still resided with her. After the Authority's witnesses concluded their testimony, the Hearing Officer advised petitioner that "ordinarily at this time if you were represented your counsel would be entitled to put witnesses on the stand to testify on your behalf. You have no counsel; you're not qualified to do that. Is there anything you want to say before I close the record?" Petitioner responded: "The only thing I could say is that my son Ralph Cabrera does not live with me, my son Michael Ortiz does not live with me. Yvette *[sic]* is no longer living with me. I went to the Housing [Authority] and I spoke to Ms. Warren [an Authority employee who identified herself as petitioner's 'housing assistant'], and I told her that Yvette *[sic]* is in Rikers Island and * * * she told me that I have to get proof, and I haven't been able to get proof".

Inquiry by the Hearing Officer elicited that petitioner had requested her daughter to send a certificate attesting to her incarceration, but had received only a letter, which was neither identified nor introduced into evidence. The Hearing Officer did not suggest an adjournment to enable petitioner to obtain the certificate, apparently deeming it academic, as later stated in his decision and disposition dated January 1, 1990, on the ground that petitioner's "failure to document or otherwise support her mere assertion of the departure of the remaining offenders, renders unavoidable the ultimate sanction [termination of petitioner's tenancy]." Consistent with the overall tenor of this "fair hearing", the Hearing Officer did not inquire of petitioner when or to what address Michael Ortiz and Ralph Cabrera had moved.

Petitioner's testimony that her children were no longer living with her at the time of the hearing was not equivocal *(cf., Matter of Jimenez v Popolizio,* 180 AD2d 590), and is undisputed on the record *(Jones v Christian,* 120 AD2d 367). Paragraph 13 of the New York City Housing Authority Termination of Tenancy Procedures does not permit termination of

the tenancy where the offenders have removed from the household *(see, Matter of Brown v Popolizio,* 166 AD2d 44, 56). In light of petitioner's testimony that her children had removed from her household at the time of the hearing, and the absence of any evidence to the contrary, the petition is granted, and the matter is remitted to the Authority for imposition of a lesser penalty *(cf., McQueen v New York City Hous. Auth.,* 174 AD2d 301). Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.