■ In the Matter of NANCY BLANCO, Respondent, v EMANUEL POPOLIZIO, as Chairman of the New York City Housing Authority, Appellant.—Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about July 3, 1991, which granted a petition to annul the determination by respondent, rendered March 7, 1990, terminating petitioner's tenancy on the grounds of non-desirability, and remitted the matter for a hearing and determination de novo, unanimously reversed, on the law, the determination reinstated and confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.

The within proceeding was instituted by petitioner Nancy Blanco, a tenant in an apartment in a public housing project, seeking to review a Housing Authority determination that found her household ineligible for continued occupancy in public housing on grounds of non-desirability. Petitioner had been found to be non-desirable in that she had permitted a "female hispanic known as Maria" to use her apartment for the possession and sale of heroin and in that an unauthorized occupant of her apartment had unlawfully sold cocaine. By the same conduct, petitioner had also been found to have breached a number of rules and regulations. Other charges which had been brought against petitioner involving a third person allegedly occupying petitioner's apartment were found by the Hearing Officer not to have been sustained by the evidence.

CPLR article 78 prohibits the IAS Court to which a petition has been brought from reaching the issue of whether a determination is supported by substantial evidence and requires that petitions involving such questions be transferred to this Court (CPLR 7803 [4]; 7804 [g]). Such an issue was clearly raised in the within petition. Accordingly, it was error for the IAS Court to entertain the petition and rule upon the issues raised therein. We will therefore review the petition de novo

as if it had been properly transferred *(see, Matter of King v McMickens,* 120 AD2d 351, *affd* 69 NY2d 840; *Matter of Jimenez v Popolizio,* 180 AD2d 590).

In reviewing whether a determination is supported by substantial evidence, the courts are limited to determining whether the Hearing Officer's findings are based on "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). The court must determine that the evidence is "[m]ore than seeming or imaginary" *(supra,* at 180), but will not weigh conflicting evidence to decide whether the same evidence would support a contrary conclusion *(see, Matter of Acosta v Wollett,* 55 NY2d 761, 763; *Matter of Reingold v Koch,* 111 AD2d 688, 691, *affd* 66 NY2d 994). Moreover, administrative tribunals are not bound by strict rules of evidence *(Matter of Sowa v Looney,* 23 NY2d 329, 333) and the court is not required to disregard hearsay evidence offered in support of a determination *(see, Matter of King v McMickens,* 120 AD2d, *supra,* at 353).

On such review herein, we find that respondent sustained his burden of demonstrating that the determination was supported by substantial evidence of all of the required elements of proof. The Housing Authority's Termination of Tenancy Procedures permit the Authority to commence an action to terminate a tenancy for non-desirability based on the conduct of either the tenant or a "person occupying the premises of the tenant." Such conduct clearly includes the sale of drugs, either in the apartment itself or elsewhere on or in the vicinity of the Authority premises *(see, e.g., Matter of Brown v Popolizio,* 166 AD2d 44).

As to the charges involving "Maria," the record reveals that two police officers testified that they had received numerous reports of drug sales from petitioner's apartment, that they had witnessed the sale of drugs from the apartment door to one Angel Colon on May 5, 1988 by a heavy-set female hispanic in her late teens to early twenties, that petitioner admitted at the hearing that her daughter Damaris, who lived with her in the apartment, was 16 years old and weighed approximately 300 pounds, that petitioner had earlier admitted that her daughter fit the description of the seller, and that Colon, upon his arrest, had told them that he had made over two dozen purchases of drugs from the apartment on previous occasions and that he knew the young woman as "Mama". We note that petitioner's argument that the fact that the young

woman was never arrested nor definitively identified negated the evidence that she was selling drugs is unpersuasive. Upon our limited review we cannot find that the Hearing Officer was not entitled to accept the police testimony as true regardless of their failure to pursue an arrest.

As to the second set of charges, the evidence showed that, on May 18, 1989, Caesar Valentin was arrested on the grounds of the project for sale of crack cocaine, whereupon he gave petitioner's address as his residence. The evidence also showed that several months earlier, on December 16, 1988, police had responded to a report concerning petitioner's apartment of a person suffering seizures and there had found Caesar Valentin, who was ill, and his brother Tony, who informed the officers that both men lived there. Additionally, petitioner testified that she knew Valentin and that he periodically had "visited" her apartment, though she also stated that she would put him out of the apartment because of his drug abuse and that at the time of his arrest he was living with his wife.

Petitioner relies substantially upon paragraph 6 (d) of the Termination of Tenancy Procedures, which provides that, if the charges are based upon the non-desirable acts of a person other than the tenant, "it is the Housing Authority's responsibility to prove that the offender occupied the premises at the time of the offense. However, even if the Housing Authority proves this, the tenant may still show that the offender has permanently moved out by the time of the hearing." We note that, contrary to petitioner's argument and to the finding of the IAS Court, there is no indication that the Hearing Officer failed to consider whether the offenders who committed the non-desirable acts occupied the premises at the time of the offense and, indeed, it is clear that this element is supported by substantial evidence as to both offenders. Under these circumstances, we find that the Authority supported the charges of non-desirability with substantial evidence (cf., McQueen v New York City Hous. Auth., 174 AD2d 301). Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Kassal, JJ.