OPINION OF THE COURT
Gustin L. Reichbach, J.
The Kings County District Attorney’s Office, pursuant to the authorization provided by RPAPL 715 (1) and 721 (8) has brought the instant summary proceeding seeking the eviction of the respondent, Herman Freshley, pursuant to RPAPL 711 (5), claiming that his apartment has been used for the illegal sale of drugs. Mr. Freshley is the lessee of apartment 303E, in the Surfside Houses, a New York Housing Authority building and has lived in this apartment for four years.
*304 This proceeding was initiated by the District Attorney by order to show cause and verified petition dated July 12, 1993. As set forth in the petition, this action stems from the arrest (and subsequent conviction) of two individuals, not parties to this proceeding, who had engaged in a series of three small scale crack sales to undercover agents inside the subject premises on November 12, 16 and 23, 1992.[1] Subsequent to the third sale a warrant was executed at the apartment, resulting in the arrest of these two individuals and the seizure of 13 additional crack vials. A total of $141 was also seized, $20 of which was prerecorded buy money. Both of these individuals eventually pleaded guilty to criminal sale of controlled substances and were sentenced to prison terms.
Mr. Freshley was not present when any of these sales occurred, nor was he present when the search warrant was executed and the additional contraband seized.
At trial, respondent, represented by counsel, stipulated to the truth of all the allegations contained in the petition except those (contained in paragraph 8) which alleged that respondent had, since on or before November 4, 1992, "been using and occupying the subject premises unlawfully and for an illegal trade or business, to wit: the possession of controlled substances with the intent to sell.” With that stipulation, petitioner rested without calling witnesses or presenting further evidence.
Respondent then moved to dismiss on three grounds. The first was the claim that petitioner had failed to establish a prima facie case in that petitioner failed to prove that the respondent had consented to the illegal use. Respondent further objected because the respondent had not been provided an administrative hearing to which, respondent argued, he was entitled as a public housing tenant pursuant to the requirements of a consent order in Escalera v New York City Hous. Auth. (425 F2d 853 [2d Cir 1970] [No. 67 Civ 4307, SD NY, Mar. 23, 1971]). Finally, respondent argued that the 19-day period of illegal use set forth in the petition (from the first sale outside the premises to the day of the search and arrest) was insufficient to show commercial use as contemplated by RPAPL 715.
*305 This motion was denied for the reasons amplified below.
Addressing these points in reverse order, while it is certainly true that "a single arrest” may be insufficient (Pereira v Rodriquez, NYLJ, Sept. 18, 1992, at 21, col 3 [App Term, 1st Dept]), and that "use” "[does not mean] an isolated act, but some measure * * * of continuity and permanence” (190 Stanton v Santiago, 60 Misc 2d 224, 225 [1969]; 1820-1838 Amsterdam Equities v Brada, NYLJ, Oct. 14,1992, at 23, col 4 [Civ Ct, NY County]), that is, something that occurs customarily upon the premises (U C. L. Realty Co. v Brown, 193 Misc 801 [1st Dept 1948]), a series of three crack sales out of an apartment where a modest "stash” of drugs and money is recovered is more than sufficient to show the continuing commercial use of the premises for illegal use. (Riverview Apts. v Guzman, NYLJ, Feb. 13, 1991, at 21, col 2 [App Term, 1st Dept].)
Respondent’s second argument, that the proceeding must be dismissed because respondent, as a tenant of the New York City Housing Authority, was not afforded an administrative hearing as required by the consent decree entered in Escalera v New York City Hous. Auth. (supra), is also unavailing. A number of trial courts in the First Department have interpreted Escalera to mean that while a public housing tenant cannot be evicted without certain procedural protections, an administrative hearing is not required. These cases hold that all required procedural protections are afforded to such tenants in a summary proceeding, making a preliminary administrative proceeding unnecessary. (See, New York County Dist. Attorney’s Off. v Oquendo, 147 Misc 2d 125 [Civ Ct, NY County 1990]; New York County Dist. Attorney v McDaniels, NYLJ, May 24, 1991, at 22, col 4 [Civ Ct, NY County]; Bronx County Dist. Attorney v Mulrain, NYLJ, Apr. 13, 1992, at 30, col 6 [Civ Ct, Bronx County].) While concurring with the ruling that no prior administrative hearing was required in those cases, this court respectfully disagrees with the sweeping language employed in those decisions which concludes that the due process concerns mandated in Escalera can be satisfied by the procedural guarantees provided in a Civil Court proceeding. The Second Circuit considered and rejected that very proposition, "We have already considered and rejected the HA’s contention that * * * [the infirmities in the administrative proceedings] are cured by the opportunity of the tenant to defend * * * in the New York Civil Courts.” (Escalera v. New York City Hous. Auth., 425 F2d 853, 865, supra.)
*306 In this Department trial courts have found, as does this court, that the consent decree in Escalera (supra) requires the Housing Authority to provide an administrative hearing before it can commence eviction proceedings against its tenants. (Kings County Dist. Attorney’s Off. v Underwood, 143 Misc 2d 965 [Civ Ct, Kings County 1989].) Indeed, this requirement under Escalera to conduct a prior administrative hearing is reluctantly acknowledged by the New York City Housing Authority itself. In response to the required demand served by the District Attorney pursuant to RPAPL 715 in this proceeding the Housing Authority, by its Assistant General Counsel, informed the District Attorney’s Office, as it has in response to similar demands in other drug eviction cases that, "The consent order entered in Escalera v. New York City Housing Authority, No. 67 Civ. 4307 (WRM) (S.D.N.Y., March 23, 1971) prohibits the Housing Authority from terminating any tenant’s lease on the grounds of non-desirable behavior unless that tenant has first been afforded an administrative hearing conducted according to procedures set forth in that and subsequent court orders.”
The Oquendo decision (supra) and its progeny, by focusing exclusively on the procedural protections afforded to tenants in a Civil Court proceeding and deeming those an adequate alternative to an administrative hearing conducted by the Housing Authority, do not address the fact that in such administrative hearings tenants have an array of substantive rights not available in an action brought under RPAPL 715. Concepts such as proportionality of offense to penalty (Matter of Cheek v Hernandez-Pinero, 198 AD2d 106 [1st Dept 1993]) and the right of a tenant to cure by removing the offending tenant before the hearing (Matter of Brown v Popolizio, 166 AD2d 44, 51 [1st Dept 1991] [under Housing Authority Rules, "the tenant may still show that the offender has permanently moved out by the time of the hearing”]; accord, Matter of Cabrera v New York City Hous. Auth., 187 AD2d 330 [1st Dept 1992]) may not be available in a proceeding brought pursuant to RPAPL 711 (5) (New York County Dist. Attorney v McDaniels, NYLJ, May 24, 1991, at 22, cols 4, 6 [Civ Ct, NY County], supra ["(t)he court finds that the fact that the respondent’s son no longer resides in the premises does not in any way abate these proceedings”]; New York County Dist. Attorney’s Off. v Geigel, NYLJ, Dec. 27, 1991, at 24, col 6 [Civ Ct, NY County]; Chan v Rivera, NYLJ, May 17, 1989, at 26, col 4 [Civ Ct, Kings County]).
*307 This court believes that pursuant to the consent decree in Escalera v New York City Hous. Auth. (supra) the Housing Authority is obliged to conduct an administrative hearing before it may terminate a tenancy for nondesirability and commence summary proceedings seeking the tenant’s eviction. This conclusion, however, does not compel the granting of respondent’s motion. This proceeding has been brought by the Kings County District Attorney’s Office, not the New York City Housing Authority. While clearly authorized by RPAPL 721 (8) to bring this proceeding under RPAPL 715, the District Attorney’s Office was not a party to the consent decree in Escalera (supra), and there is no basis presented on which it could be held to be bound by same. (Bronx County Dist. Attorney v Mulrain, NYLJ, Apr. 13, 1992, at 30, col 6 [Civ Ct, Bronx County], supra; Kings County Dist. Attorney’s Off. v Underwood, 143 Misc 2d 965 [Civ Ct, Kings County 1989], supra.) Far from being an alter ego of the landlord, when the District Attorney is forced to bring a proceeding under RPAPL 715, the landlord must be made an adverse party to such proceeding and the landlord may be liable under RPAPL 715 (4) for substantial civil penalties and the payment of costs and attorneys’ fees. Since this proceeding has been brought by the District Attorney, not the Housing Authority, respondent’s motion on Escalera grounds was also denied.[2]
Finally, respondent argued that the District Attorney failed to meet its burden of coming forward with facts to establish a prima facie case in that the District Attorney had not presented any direct evidence that the respondent had been involved in the illegal activity or that the respondent knew and acquiesced in the illegal drug activity in his apartment. Based on the facts admitted, this motion too was denied.
It is not disputed that the respondent’s apartment was used to conduct three separate crack sales. These conceded facts are sufficient to warrant the inference of acquiescence, not simply for purposes of establishing a prima facie case (New York County Dist. Attorney v McDaniels, NYLJ, May 24, 1991, at 22, col 4 [Civ Ct, NY County], supra; New York County Dist. Attorney’s Off. v Rivera, NYLJ, Apr. 7, 1992, at 32, col 3 [Civ Ct, NY County]), but if unrebutted, may be sufficient to satisfy petitioner’s ultimate burden of persuasion as well. (City of *308 New York v Rodriguez, 140 Misc 2d 467 [Civ Ct, Bronx County, 1988]; City of New York v Goldman, 78 Misc 2d 693 [Civ Ct, NY County 1974]; New York County Dist. Attorney’s Off. v Geigel, NYLJ, Dec. 27, 1991, at 24, col 6 [Civ Ct, NY County], supra.)
After the denial of his motion to dismiss, respondent testified that he knew one of the two arrested men casually through a mutual friend in the project. Around November 2 or 3 respondent went to stay with a close friend in Manhattan who was sick from AIDS. He testified he gave the keys to one of the men subsequently arrested with the understanding that this man could stay in the apartment for three weeks or so, that respondent knew nothing of the drug sales, that he had never lent anyone the apartment before and never used or allowed others to use the apartment for drug sales. Mr. Freshley further testified that he returned to the apartment only once during this three-week period and that while the apartment looked as if "someone had been partying” he neither saw anybody nor any drugs or drug paraphernalia.
While the District Attorney dismissed Mr. Freshley’s story as terribly convenient, putting him out of the apartment exactly during the time of this drug activity, and overall "disingenuous and incredible”, Mr. Freshley’s testimony was not rebutted.[3] The District Attorney therefore relies exclusively on the inference of acquiescence from the uncontested facts, i.e., the acknowledged drug sales from the apartment.
Notwithstanding the need to vigorously challenge all the many dangers represented by the illegal drug trade, in an eviction for illegal use, as in every summary proceeding, the burden of proof is still on the petitioner. (1820-1838 Amsterdam Equities v Brada, NYLJ, Oct. 14, 1992, at 23, col 4 [Civ Ct, NY County], supra.) To sustain that burden petitioner need not prove that the respondent was personally implicated in the sale of drugs (Riverview Apts. v Guzman, NYLJ, Feb. 13, 1991, at 21, col 2 [App Term, 1st Dept], supra), nor need petitioner prove that the respondent was present at the time of the arrests (Farhadian v Diaz, NYLJ, Feb. 26, 1990, at 23, col 4 [App Term, 1st Dept]). However, the petitioner must meet its burden of proof in establishing that the tenant had *309 knowledge of and acquiesced to the use of the demised premises for such an illegal activity. (Lloyd Realty Corp. v Albino, 146 Misc 2d 841 [Civ Ct, NY County 1990], and cases cited therein.) There are circumstances of course where given the quantity of drugs and related paraphernalia found throughout a premises, mere denials of knowledge by an occupant are largely incredible. (New York County Dist. Attorney’s Off. v Pizarro, NYLJ, June 24, 1993, at 24, col 6 [App Term, 1st Dept]; Levites v Francisco, NYLJ, Jan. 15, 1993, at 21, col 5 [App Term, 1st Dept].) That is not the circumstances here, involving total seizures valued at less than $100, street value. It is a sad, but realistic commentary to note that given the enormity of the illegal drug business, those arrested were very petty operators indeed.
The District Attorney’s case is of course entirely circumstantial. To meet its burden of proof based on such evidence "it must appear that the inference drawn is the only one that can fairly and reasonably be drawn from the facts and that any other explanation is fairly and reasonably excluded.” (PJI 1:70.) While such evidence is sufficient even though it does not negate the existence of remote possibilities, to be sufficient the existence of the fact in question must be inferred as a probable consequence. (Markel v Spencer, 5 AD2d 400, 407 [4th Dept 1958].) If the facts proven permit the drawing of two inferences, one of which supports culpability and the other does not, the finder of fact is required to draw the one which accords with nonculpability. (PJI 1:70.) Where the facts proven show there are several possible explanations, one or more of which support nonculpability, and each explanation is just as reasonable and probable as the other, petitioner cannot prevail since petitioner has failed to meet its burden of proving culpability. (Bernstein v City of New York, 69 NY2d 1020 [1987].)
Mr. Freshley’s testimony was that he had never let anybody else ever stay in his apartment, that he had returned only once in the three-week period he was in Manhattan and that he had no knowledge about this drug activity in the apartment. These claims were unrebutted by the Housing Authority who, while named as a corespondent in fact participated, without objection, in the prosecution of this petition,[4] *310 and with access to both the respondent’s housing records and his neighbors would presumably be in a position to challenge these claims. No rebuttal evidence was presented. There is no proof that the respondent received any benefit from these transactions. Having had an opportunity to observe the respondent testify and evaluate his credibility, I find that the petitioner has not met its burden in proving that the respondent had knowledge and/or acquiesced in the illegal use of these premises.
Judgment for the respondent and the petition is dismissed.

. An initial sale of two vials of crack occurred on November 4, 1992 at some unidentified location outside the subject premises. While this sale presumably led to the subsequent sales inside the apartment, there is nothing in the record to connect that sale to the subject premises and consequently has no relevance to the instant proceeding.

. Conversely, respondent’s waiver of certain rights in their lease agreement with their landlord may not be effective in a proceeding brought by the District Attorney.

. In a belated attempt to both challenge Mr. Freshley’s testimony and credibility, the District Attorney has attempted through a posttrial memorandum of law to introduce evidence never presented during the trial. This is entirely improper and such "evidence” which is dehors the record will not be considered by the court.

. Since there was no objection made to the participation of the Housing Authority in this proceeding, the appropriate role of the Housing Authority in these proceedings, in light of the court’s discussion of Escalera (supra) above, was not presented.