■ In the Matter of WILLIAM H. SCHEURER, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [636 NYS2d 291] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered on or about October 19, 1994, which denied the petition pursuant to CPLR article 78 challenging respondents' determination, which denied him pension credit allegedly earned with the New York City Employees' Retirement System, unanimously affirmed, without costs.

The IAS Court properly found respondents' determination that petitioner, a Hearing Examiner in the Parking Violations Bureau (PVB), is not eligible for membership in the New York City Employees' Retirement System (NYCERS) was neither arbitrary and capricious nor irrational. Vehicle and Traffic Law § 236 (2) (d) provides, in pertinent part, that "[s]uch hearing examiners shall not be considered employees of the city in which the administrative tribunal has been established". Administrative Code of the City of New York § 13-104 (1) provides, in pertinent part, that membership in NYCERS "shall consist of * * * [a]ll persons in city-service," and Administrative Code § 13-101 (3) (a) defines " '[c]ity-service' " as "service, whether appointive or elective, as an officer or employee of the city or state of New York * * * so far as such service is paid for by the city". Since petitioner, as a PVB Hearing Examiner, is not an employee of the City, he is not entitled to retirement system membership.

We reject petitioner's contention that since respondents permitted him to become a member of the retirement system, respondents are now estopped from denying such membership. "[E]stoppel may not be invoked against a governmental agency to prevent it from discharging its statutory duties", except in " 'unusual factual situations' " (Matter of E.F.S. Ventures Corp. v Foster, 71 NY2d 359, 369). Application of the doctrine should be made "only when failure to do so would operate to defeat a right legally and rightfully obtained" (Matter of Hauben v Goldin, 74 AD2d 804, 805). "It cannot operate to create a right * * * Nor can it operate to relieve one from the mandatory operation of a statute" (supra, at 805). Lastly, "[t]he courts must weigh the degree of manifest injustice against the effect, in the particular case, of intervention into the public processes" (Eden v Board of Trustees, 49 AD2d 277, 284). Here, the doctrine would impermissibly relieve petitioner from the mandatory operation of the statutes, which we find, are clear and

unambiguous (*Galanthay v New York State Teachers' Retirement Sys.*, 50 NY2d 984, 986) and would create a right where none exists.

Further, in light of petitioner's rather conclusory assertions about his reliance on the pension in planning his retirement, the short period of time petitioner was mistakenly permitted to be a member, and the fact that the petitioner will receive a refund of his contributions, petitioner has not suffered a manifest injustice. We also note that, on two occasions, petitioner asserted that he was not a City employee in order to obtain a non-employee tax refund and took advantage of his non-employee status to reside outside of New York City. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.