OPINION OF THE COURT
Per Curiam.
Order dated July 15, 1996 affirmed, without costs.
The office of the Bronx District Attorney obtained a final judgment of possession based upon the tenant’s conduct of illegal narcotics trade in the subject premises (RPAPL 715, 711 [5]). Thereafter, landlord New York City Housing Authority, without participation of the District Attorney, commenced a nonpayment proceeding and accepted rent from the tenant pursuant to a stipulated settlement. Civil Court properly denied tenant’s motion to vacate the possessory judgment on the ground that the prosecution of the nonpayment had "vitiated” the holdover and "revived” the landlord-tenant relationship.
The District Attorney’s office and the Housing Authority are independent entities with separate and distinct legal mandates; the District Attorney is not the alter ego of the landlord in a proceeding under RPAPL 715 (Kings County Dist. Attorney’s Off. v Freshley, 160 Misc 2d 302, 307). Thus, the Housing Authority’s maintenance of a nonpayment proceeding and acceptance of rent did not affect the validity of the final judgment previously granted to the prosecutor or preclude its enforcement (cf., Ansonia Assocs. v Pearlstein, 122 Misc 2d 566). Further, the Housing Authority, as landlord, cannot reinstate a tenancy that was rendered void by virtue of illegality or criminal conduct (Real Property Law § 231 [1]). "Clearly, it is the legislative intent that the acceptance of rent by landlord or doing any act constituting waiver will have no effect in a proceeding for eviction based on illegal use * * * when the matter relates to a situation where the Legislature has established a public policy and the enforcement of such a waiver would violate the public policy” (Murphy v Relaxation Plus Commodore, 83 Misc 2d 838, 840 [App Term, 1st Dept]).
Parness, J. P., McCooe and Davis, JJ., concur.