■ In the Matter of DOLORES MEANS, Appellant, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Respondents. [670 NYS2d 435] —In this CPLR article 78 proceeding (transferred to this Court by order of the Supreme Court, New York County [Marylin Diamond, J.], entered September 30, 1996) the petition is unanimously granted, without costs, to the extent of annulling respondent's determination dated May 31, 1995, which terminated petitioner's tenancy upon its finding that petitioner was ineligible for continued occupancy in public housing on the ground of non-desirability, and remanding the matter to respondent for imposition of a penalty consistent with this decision and order.

As the result of the April 13, 1994 arrest of petitioner's 29 year old son James for selling drugs in the lobby of her building in the Gravesend Houses in Brooklyn, petitioner, who had been a tenant since 1970 without prior incident, was found ineligible for continued occupancy on the grounds of non-desirability and her tenancy was terminated. At the time of his arrest, James gave his mother's apartment as his address.

Assuming evaluation of the evidence with respect to Jame's residence at the time of his arrest involved a weighing of credibility by the Hearing Officer which this Court should not disturb, the same cannot be said with respect to his residency at the time of the administrative hearing. Petitioner and her daughter testified that James married in September 1994 and moved with his wife to DeKalb Avenue, in December 1994. This was supported by a NYNEX letter, postmarked December 20, 1994, and addressed to James at DeKalb Avenue, which

contained installation charges for his phone. Petitioner also submitted an interim driver's license issued to James at the DeKalb Avenue address on December 28, 1994. Rather than rebutting this proof, the testimony presented on behalf of respondent tended to corroborate it. An investigator for respondent testified that, at the time of a subsequent arrest on July 6, 1994, James's address had been recorded as Jamaica, Queens and that James's probation officer confirmed to him that James had reported a change of address in December 1994. The only other testimony offered by respondent as to James's residence after his arrest was that of the arresting officer, who merely stated that he had seen James once or twice around Gravesend, but not in his mother's building.

Thus, despite the absence of any testimony by James, a fact to which the Hearing Officer gave great weight, petitioner satisfied her burden of proof with respect to James's residence at the time of the hearing and, since there is no countervailing evidence, respondent's findings and the penalty imposed are unsupported by substantial evidence (*see, Matter of Cabrera v New York City Hous. Auth.*, 187 AD2d 330, 331-332). Indeed, respondent's own termination procedures provide that where the offender has removed from the household, it is mandatory that the disposition be "eligible, probation", or "eligible subject to permanent exclusion of one or more persons in the household". Consequently, given the evidence of James's removal as of the time of the administrative hearing, a finding of eligible subject to the permanent exclusion of James from petitioner's household was the appropriate penalty. Concur—Milonas, J. P., Tom, Mazzarelli and Andrias, JJ.