■ In the Matter of ARONDA VEREEN, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [998 NYS2d 354]—

Determination of respondent New York City Housing Authority, dated November 21, 2012, which, after a hearing, denied petitioner succession rights as a remaining family member to

the tenancy of her late mother, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Peter H. Moulton, J.], entered June 25, 2013), dismissed, without costs.

Petitioner does not qualify as a remaining family member under the Housing Authority's policies because she did not occupy the apartment with management's written consent (*see Matter of Mallay v New York City Hous. Auth.*, 117 AD3d 597, 597 [1st Dept 2014]). The written consent requirement applies to individuals who, like petitioner, were once authorized household members but left the household and subsequently returned (*see Matter of Ponton v Rhea*, 104 AD3d 476, 477 [1st Dept 2013]). In any event, any alleged errors made by management would not entitle petitioner to the lease because estoppel may not be invoked to create a right where none exists (*Matter of Scheurer v New York City Employees' Retirement Sys.*, 223 AD2d 379, 379 [1st Dept 1996]). Under Housing Authority policy, an individual must comply with the one-year requirement by residing with the tenant for at least one year after lawfully entering the apartment until the tenant either dies or moves out (*see Matter of Saad v New York City Hous. Auth.*, 105 AD3d 672, 672 [1st Dept 2013]). Even assuming management had granted permission for petitioner to reside in her mother's apartment during the same month petitioner asserted that she moved into the apartment (March 2011) or immediately upon submission of the permanent permission request form (May 2011), she could not have occupied the apartment for the minimum one-year period because her mother died on August 16, 2011.

Petitioner's payment of use and occupancy cannot change an unauthorized occupant's status and cannot be deemed a substitute for written permission (*see Matter of Perez v New York City Hous. Auth.*, 99 AD3d 624, 625 [1st Dept 2012]). To the extent petitioner relies on mitigating factor such as her age or the fact that she gave up her own apartment to take care of her mother, they do not provide a basis to annul respondent's determination (*see Matter of Guzman v New York City Hous. Auth.*, 85 AD3d 514, 514 [1st Dept 2011]; *Matter of Rodriguez v New York City Hous. Auth.*, 103 AD3d 538, 539 [1st Dept 2013]). Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.