■ In the Matter of SAMANTHA DIOP, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, WHITMAN HOUSES, Respondent. [23 NYS3d 574]—

Determination of respondent, dated May 9, 2013, which, after a hearing, denied petitioner's grievance seeking succession rights as a remaining family member to the tenancy of her deceased stepfather, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Peter H. Moulton, J.], entered April 16, 2014), dismissed, without costs.

Respondent's determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Petitioner's stepfather, the tenant of record, never obtained respondent's written consent for petitioner's occupancy, and petitioner admits that her most recent continuous residence in the apartment was for a period of less than one year prior to her stepfather's death (*see e.g. Matter of Adler v New York City Hous. Auth.*, 95 AD3d 694 [1st Dept 2012], *lv dismissed* 20 NY3d 1053 [2013]). The fact that petitioner may have paid rent for the premises does not warrant a different determination (*see Matter of Vereen v New York City Hous. Auth.*, 123 AD3d 478 [1st Dept 2014]). Nor do the mitigating factors set forth by petitioner provide a basis for annulment (*see e.g. Matter of Rodriguez v New York City Hous. Auth.*, 103 AD3d 538 [1st Dept 2013]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.