■ In the Matter of CHAUNDRA PETERSON, Appellant, v SHOLA OLATOYE, Respondent. [28 NYS3d 317]—

Determination of New York City Housing Authority (NYCHA), dated July 31, 2014, which, after a hearing, denied petitioner's grievance for succession rights as a remaining fam-

ily member to the tenancy of her deceased grandmother, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered Dec. 19, 2014), dismissed, without costs.

NYCHA's determination is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). The record shows that petitioner's grandmother, the tenant of record, never obtained NYCHA's written consent for petitioner's permanent occupancy (see Matter of Lieder v New York City Hous. Auth., 129 AD3d 644, 644 [1st Dept 2015]). Even if NYCHA had granted the tenant's request to add petitioner as a permanent household member in 2005, petitioner would not be entitled to succession rights, because she vacated the apartment in 2007 to live with her new husband, and did not receive written permission to rejoin the apartment after she purportedly returned in 2008 (see Matter of Vereen v New York City Hous. Auth., 123 AD3d 478, 479 [1st Dept 2014]). Petitioner's claim that she would not have vacated the apartment had the 2005 request been granted is speculative. Further, even if NYCHA had granted written consent in 2012, petitioner could not satisfy the one-year residency requirement because her grandmother died less than a year later (id.).

Petitioner may not invoke the doctrine of estoppel against NYCHA (see id.), and her mitigating factors do not provide a basis for annulling NYCHA's determination (see id.).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ.