Matter of Becerril v New York City Hous. Auth. (2019 NY Slip Op 00540)





Matter of Becerril v New York City Hous. Auth.


2019 NY Slip Op 00540


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


8208 102055/15

[*1]In re Manuel Becerril, Petitioner,
v
New York City Housing Authority, Respondent.


Thomas A. Bucaro, New York, for petitioner.
Kelly D. MacNeal, New York (Andrew M. Lupin of counsel), for respondent.



Determination of respondent (NYCHA), dated July 31, 2015, which denied petitioner's Remaining Family Member (RFM) grievance, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7803[4] and 7804[g] by order of Supreme Court, New York County [Barbara Jaffe, J.], entered July 12, 2017) dismissed, without costs.
NYCHA's denial of petitioner's RFM grievance is supported by substantial evidence (see Matter of Peterson v Olatoye, 138 AD3d 521, 522 [1st Dept 2016]). Contemporaneous entries in the tenant data summaries and interview records show that petitioner left his mother's (the tenant of record) household in September 1979 and never received written permission to return (see Matter of Vereen v New York City Hous. Auth., 123 AD3d 478 [1st Dept 2014]). The hearing officer, who was not bound by the strict rules of evidence observed in the courts, properly received and relied upon those records (see Matter of Seeley v City of New York, 269 AD2d 205 [1st Dept 2000]; Matter of Blanco v Popolizio, 190 AD2d 554, 555 [1st Dept 1993]). Moreover, petitioner is not listed on any of his mother's affidavits of income (see Matter of Blas v Olatoye, 161 AD3d 562 [1st Dept 2018], citing Matter of Carmona v New York City Hous. Auth., 134 AD3d 404, 405 [1st Dept 2015], lv denied 26 NY3d 1114 [2016]).
NYCHA's alleged knowledge of petitioner's unauthorized occupancy does not estop it to deny petitioner RFM status (Matter of Adler v New York City Hous. Auth., 95 AD3d 694 [1st Dept 2012], lv dismissed 20 NY3d 1053 [2013]; see also Matter of McBride v New York City Hous. Auth., 140 AD3d 415 [1st Dept 2016]).
Petitioner contends that NYCHA deprived him of due process by failing to appoint a guardian ad litem (GAL) for him before the administrative hearing, at Steps I or II of the grievance process. On the record before us, this contention is unavailing. Petitioner made no request for a reasonable accommodation for his disability, i.e., the early appointment of a GAL (see e.g. Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824 [2014]). The record does not establish that petitioner's intellectual and mental health disabilities were so debilitating as to have been apparent to NYCHA staff members who interacted with him during the grievance process (see e.g. Administrative Code of City of NY [New York City Human Rights Law] § 1-807[15]).
Petitioner failed to show that the earlier appointment of a GAL would have affected the outcome of the proceedings. Despite the GAL's zealous representation at the administrative hearing, petitioner was unable to offer testimony or documentation sufficient to overcome the deficiencies in his case, in particular, his mother's failure to list him as a household member in years' worth of annual income affidavits. Nor did petitioner's disabilities entitle him to bypass NYCHA succession rules and the hundreds of thousands of persons, including numerous disabled persons, ahead of him on the waiting list to succeed to his mother's apartment (see Rosello v Rhea, 89 AD3d 466, 467 [1st Dept 2011]; see also Felix v New York City Tr. Auth., 324 F3d 102, 107 [2d Cir 2003] [Americans with Disabilities Act does not authorize preference for disabled persons]).
The record belies petitioner's additional argument that he was deprived of due process by the hearing officer's failure to scrutinize the evidence sufficiently and issuance of a perfunctory determination devoid of analysis.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK