**Hines v New York City Dept. of Hous. Preserv. & Dev.**

2024 NY Slip Op 30875(U)

March 18, 2024

Supreme Court, New York County

Docket Number: Index No. 159932/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**

PRESENT:    **HON. ARLENE P. BLUTH**                    PART                    14
_____
                                          *Justice*

-------------------------------------------------------------------------------X

STACEY HINES,

|                      |            |
|----------------------|------------|
| INDEX NO.            | 159932/2023 |
| MOTION DATE          | 03/15/2024 |
| MOTION SEQ. NO.      | 001        |

      Petitioner,

    - v -

NEW YORK CITY DEPARTMENT OF HOUSING,
PRESERVATION & DEVELOPMENT
& PRATT TOWERS, INC.

  Respondents.

**DECISION + ORDER ON
MOTION**

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-25

were read on this motion to/for       ARTICLE 78     .

   The petition to annul a determination by respondent the New York City Department of

Housing Preservation and Development ("HPD") is denied.

**Background**

   Petitioner seeks to annul an HPD determination that denied his request for an internal

transfer to a two-bedroom Mitchell-Lama apartment. He explains that he suffers from epilepsy

and lives in a one-bedroom apartment with his niece. Petitioner observes that his niece is a home

attendant who takes care of her 86-year-old grandmother during the day. He observes that HPD

already granted him a medical waiver related to his physical ailment.

   Petitioner insists that he submitted all the required documentation to show that his niece

lives with him. He points to her New York state identification, an IRS payee report, and a letter

from her employer, all of which list her address as the same apartment where petitioner lives.

Petitioner argues that HPD's sole basis for the denial of his internal transfer was the use of an

[* 1]

alternative address where the niece's grandmother lives. He argues that HPD irrationally used an IRS verification listing this other address (on Bedford Avenue in Brooklyn).

HPD explains that it denied petitioner's transfer request because it could not confirm that petitioner's niece lived with him. It observes that it has internal rules to establish an applicant's primary residence and that the niece's 1040 form listed an address on Bedford Avenue and not petitioner's apartment. HPD noted that another IRS document listed both the Bedford Avenue address and petitioner's apartment. It argues that these conflicting documents justify the denial of petitioner's request.

Moreover, HPD argues that upon reviewing petitioner's appeal of HPD's initial denial, it spoke with management at the building where petitioner lives and no one could recall regularly seeing the niece. It insists that this also justified denying petitioner's request.

Respondent Pratt Towers, Inc. ("Pratt") also submits opposition in which it reinforces the arguments raised by HPD.

In reply, petitioner claims that there is no dispute that he needs a home attendant at night and that transferring to a two-bedroom would give him the space necessary for a home attendant. He insists that HPD improperly ignored the niece's school records, an employer letter and an income affidavit all of which show that she lived with petitioner.

**Discussion**

In an Article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious" (*Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013] [internal quotations and citation omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*id.*). "If the

[* 2]

determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*id.*). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 356 NYS2d 833 [1974]).

The Rules of the City of New York ("RCNY") provide, in relevant part, that "The tenant/cooperator must meet the occupancy standards for the size apartment requested at the time that he or she places his or her name on the internal transfer list and must have been in residence for a period of no less than one year before he or she may request a transfer to a larger apartment. The income affidavit submitted by the tenant/cooperator on file with the housing company or its managing agent must reflect a sufficient number of occupants to warrant a transfer at the time of his or her request, as well as when an apartment is offered. The housing company or its managing agent shall deny a transfer to the tenant/cooperator if he or she fails to satisfy these requirements" (28 RCNY § 3-02 [i][1]).

The central issue in this proceeding is whether it was rational for HPD to deny petitioner's request for an apartment transfer. HPD's determination dated June 13, 2023 noted that petitioner "did not meet the occupancy standards, when you were placed on the internal 2-bedroom list [on] September 3, 2020, since you did not have legal guardianship of Leera Weekes (niece)" and that "When your internal waiting list was selected January of 2022, HPD rejected your internal application, since you did not verify legal guardianship for Leera Weeks. As a result, your request for an appeal was denied March of 2022" (NYSCEF Doc. No. 3).

HPD observed that petitioner was approved for a medical waiver in June 2022, but "when your application along with supporting documentation was provided to HPD for review, Leera

Week[es] did not verify her primary address and was not a full-time resident at Pratt Towers, and therefore your internal application was rejected April 17, 2023" (*id*.)

HPD noted that on appeal, "Leera's address could not be verified by the IRS since her annual adjusted gross income was less than the amount required to file tax returns for tax filing year 2021 and 2022" (*id*.). It added that "An employment reference was received by Magic Home Care for Leera Weeks, that verified her mailing address as 1077 Bedford Avenue, 2C Brooklyn NY, as notated on the employment letter. Additionally, the IRS verification form notated 'Payee Entity Date: Leera Weekes' address as 1077 Bedford Avenue, Brooklyn NY for Tax Year 2022 (FY2022).' Also, Pratt Towers management has noted the only time they have seen your niece at the development was when it was time to sign the residence acceptance forms" (*id*.).

HPD emphasized that petitioner had to show that he met the occupancy standards for the size apartment he requested at the time he put his name on the internal transfer list and it simply could not verify the niece's primary residence (*id*.).

The Court denies the petition as HPD cited a rational basis for the denial of the transfer request. There is no dispute that the documents submitted on behalf of petitioner's niece contained multiple addresses. HPD was not required to reach the conclusion preferred by petitioner. HPD rationally pointed to the fact that a 1040 form for the niece in 2021 contained the Bedford Avenue address (NYSCEF Doc. No. 20 at 34). And an IRS verification document lists both the Bedford Avenue address and petitioner's apartment (*id*. at 47).

HPD was also entitled to rely upon the email from Pratt's property manager in which she states that "I have probably seen the niece maybe one time when it was time to sign the residence acceptance form. I do not see her on the regular [sic] and do not recall seeing her in a very long

[* 4]

time. However, there is someone that he is with regularly with him. Which is a middle age[d] women. However I do not have her name or any personal information" (NYSCEF Doc. No. 22). That this statement might be hearsay is not a basis to disregard this submission (*Matter of Blanco v Popolizi*o, 190 AD2d 554, 555, 593 NYS2d 504 [1st Dept 1993] [noting that a court is not obligated to ignore hearsay evidence offered in an Article 78 proceeding]).

As HPD noted, petitioner's niece allegedly started working as a home health worker in 2023 and so she should have a W-2 for 2023. The denial letter specifically mentioned a W-2 and HPD admits that a W-2 showing that the niece lives with petitioner would be "sufficient proof" of her primary residence. HPD observes that petitioner could "once again put his name on the waiting list for a transfer to a two-bedroom unit, and when one becomes available, he and Ms. Weekes should submit this necessary documentation to prove her primary residence" (NYSCEF Doc. No. 23).

**Summary**

The Court observes that its role in this proceeding is only to assess whether or not HPD's decision was rational. This Court cannot supplement its own views for that of HPD. The record in this proceeding shows that there were conflicting addresses for petitioner's niece and that building management did not recall regularly seeing her at the building. That justifies HPD's determination.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

3/18/2024
**DATE**

**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]