◼  In the Matter of PERNICE EDWARDS, Petitioner, v JOSEPH J. CHRISTIAN, as Chairman of the New York City Housing Authority, Respondent.— Proceeding pursuant to CPLR article 78 to review respondent's determination, dated August 13, 1976 and made after a hearing, which terminated petitioner's tenancy on the dual grounds of violation of a stipulation of permanent exclusion and nondesirability. Petition granted and determination annulled, without costs or disbursements. The petitioner was charged with violating a written stipulation of permanent exclusion and with violating the authority's rules against nondesirability. Contrary to the hearing officer's recommendation, the charges were sustained and the respondent determined that the petitioner was ineligible for continued occupancy of the subject premises. The charges resulted from an incident in which the petitioner's 24-year-old son, Ronald, in concert with two others, robbed a tenant of the project at knife point. The petitioner had previously entered into a stipulation that she be declared "eligible for continued occupancy upon condition that [her] son, Ronald Edwards, be and remain permanently excluded from the project premises in which [her] apartment is located." It is uncontroverted that the petitioner's son was seen on the project premises

after the date of the stipulation of exclusion. The petitioner freely admitted that her son visited her once or twice a week and that she had seen him on the premises on other occasions during the course of his visits with friends who reside in the housing project. The petitioner testified that Ronald has been living with his brother since she entered into the stipulation. The brother testified to the same effect. The respondent introduced no direct evidence to show that Ronald continued to occupy the project premises and the circumstantial evidence was far too ambiguous to sustain such an inference. The stipulation must be interpreted as excluding the petitioner's son from occupancy in the project premises. The respondent's assertion that the exclusion was absolute and applied to any presence on the project premises is unreasonable and would impose an impossible burden on the petitioner. There has been no showing that she has any control over her emancipated adult child and she cannot be expected to physically prevent her son from visiting the premises. Thus, the determination that the petitioner violated the stipulation cannot be sustained. The determination of nondesirability is also unfounded. In part, the authority's rules define nondesirability as "conduct or behavior of the tenant or any person occupying the premises of the tenant". As there has been no showing that the petitioner's son occupied the premises, his criminal conduct may not be used as a basis for finding the petitioner to be nondesirable. Nor may such a determination be made solely upon the petitioner's status as the offender's mother. There has been no showing that the petitioner knew of, or in any way condoned, her son's conduct. It has not even been demonstrated that the robbery occurred on an occasion when Ronald was visiting his mother. The culpability of an emancipated nonresident adult may not be imputed to the petitioner solely because of her maternal status (cf. *Tyson v New York City Housing Auth.,* 369 F Supp 513; *United States v One 1971 Ford Truck,* 346 F Supp 613). Titone, J. P., Rabin, Gulotta and Margett, JJ., concur.