■ In the Matter of FLORENCE KNOX, Petitioner, v JOSEPH J. CHRISTIAN, as Chairman of the New York City Housing Authority, Respondent. — Determination of respondent, dated September 23, 1981, terminating petitioner's tenancy because of nondesirability, unanimously reversed, on the law, petition granted and determination annulled, without costs. This CPLR article 78 proceeding was transferred to this court by order of the Supreme Court, New York County (Allen Murray Myers, J.), entered May 4, 1982. Since 1970 the petitioner Florence Knox has occupied an apartment in Farragut Houses, which is located in Brooklyn. Farragut is a public housing project. It is operated by the respondent New York City Housing Authority. Pursuant to respondent's "Termination of Tenancy Procedures", the respondent advised petitioner by formal notice, dated November 13, 1980, that charges of nondesirability had been preferred against her, and, if proved, they could lead to termination of her tenancy. In essence, the charges alleged: "1. On or about September 15, 1979 your [petitioner's] son Calvin did unlawfully possess a * * * gun on project grounds. 2. On or about September 14, 1979, you [petitioner] * * * and/or your son Calvin, and/or your grandson Edward Holder, acting alone and/or in concert with one another and/or members of your project household did unlawfully harrass [*sic*], assault and/or physically assail two project tenants, and/or members of a project tenant's household, on project grounds. THAT AT ALL TIMES SET FORTH IN THESE CHARGES, YOU * * * YOUR SON CALVIN AND YOUR GRANDSON EDWARD HOLDER, WAS A RESIDENT OF THE PREMISES WHICH IS THE SUBJECT OF THIS PROCEEDING." The hearing on these charges took place on four days, starting on December 8, 1980 and finishing on May 19, 1981. During the hearing, petitioner presented evidence that neither Calvin nor Edward Holder (Edward) was any longer a member of her household. Petitioner testified that 22-year-old Calvin permanently left her household on

January 15, 1981. In support of this testimony, petitioner placed into evidence, as respondent's exhibit No. 17, a notarized letter, dated March 16, 1981, in which petitioner's daughter, Marie Knox (Marie), stated that Calvin lived with Marie, outside of the Farragut project. Also, petitioner testified that in August, 1980, 20-year-old Edward joined the Army. The hearing officer found that petitioner was not guilty of any misconduct and that Edward "was, and is, in the Army". Ignoring petitioner's proof that Calvin resided elsewhere, the hearing officer, without citing any evidence, concluded "Calvin's removal from the household has not been demonstrated to my satisfaction." In recommending the termination of petitioner's tenancy, the hearing officer wrote: "The assault was precipitated by Gregory Knox [Gregory] who comes to the * * * [petitioner's] house and cannot be excluded because he is not a member of her household. Calvin * * * is a source of trouble and danger and Nathaniel Knox [Nathaniel] has contributed to the unruly and undesirable behavior of the family". Nathaniel and Gregory, respectively, are another son and grandson of petitioner. Besides admitting that Nathaniel and Gregory do not live with petitioner, the hearing officer acknowledges that their names do not appear in the charges. Respondent approved the hearing officer's termination recommendation. We hold that petitioner was denied administrative due process (*Matter of Murray v Murphy,* 24 NY2d 150, 157) because, in reaching his decision, the hearing officer relied on the misbehavior of Nathaniel and Gregory, who are not charged with any misconduct. In addition we hold that "there was no substantial evidence to sustain [the] determination" (*Matter of Simpson v Wolansky,* 38 NY2d 391, 395) since paragraph 13 of the respondent's own "Termination of Tenancy Procedures" forbid termination when "the offender or offenders has (have) removed from the household" and, "the respondent introduced no direct evidence to show that * * * [Calvin] continued to occupy the project premises and the circumstantial evidence was far too ambiguous to sustain such an inference" (*Matter of Edwards v Christian,* 61 AD2d 1045, 1046, affd 46 NY2d 964). Concur — Sandler, Ross, Asch and Alexander, JJ.

Kupferman, J. P., concurs in a memorandum as follows: Paragraph 13 of the New York City Housing Authority's termination procedures reads as follows: "Where the offender or offenders has (have) removed from the household, it is mandatory that the disposition be: 'eligible'; 'probation'; or 'eligible subject to permanent exclusion of one or more persons in the household.'" The more appropriate provision thereof for this matter is in the last option, which provides for exclusion of the members of the family who have misbehaved.