■ In the Matter of SHIRLEY ABNEY, Petitioner, v EMANUEL

P. Popolizio et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Housing Authority, dated October 4, 1989, which, after a hearing, terminated the petitioner's tenancy, *inter alia,* on the ground of nondesirability.

Adjudged that the petition is granted, on the law, to the extent that the determination that the petitioner was permitting Bernard Abney to reside with her in the subject premises, and the eviction of the petitioner from the subject premises based thereon, is annulled, and it is directed that the petitioner and her grandchildren, Ebony Abney and Jerrod Abney, may continue to reside as tenants in the subject premises, on condition that Bernard Abney does not reside with them; and the proceeding is otherwise dismissed, without costs or disbursements.

On April 11, 1989, Bernard Abney was arrested within the perimeter of the Lafayette Houses project in Brooklyn for criminal possession of a controlled substance with intent to sell. At the time of his arrest, Abney resided at the home of his mother, the petitioner, at 411 Lafayette Avenue, in the same Lafayette Houses project. By notice dated July 26, 1989, the petitioner was informed that the New York City Housing Authority had received a recommendation to terminate the petitioner's tenancy on the ground, *inter alia,* of nondesirability. A hearing was held on September 13, 1989, at which the petitioner testified that Bernard Abney had removed his belongings on July 18, 1989, and had not returned to the premises since. A Housing Authority investigator testified that the records of Abney's probation indicated that Abney resided at 325 Classon Avenue, and that the Department of Welfare was mailing checks to Abney at 657 Barbey Street. The Hearing Officer issued a decision dated September 20, 1989, finding insufficient evidence that Bernard Abney had permanently left the premises, and recommending termination of the petitioner's tenancy. The Housing Authority then issued a Determination of Status dated October 4, 1989, terminating the petitioner's tenancy. The petitioner commenced this proceeding to review the determination.

It is well established that administrative determinations must be supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). There is conflicting evidence in the record as to whether Abney was living on Classon Avenue or Barbey Street. However, there is no evidence to support the conclusion that Abney had not permanently removed himself from the peti-

tioner's residence at the time of the hearing *(see, Matter of Knox v Christian,* 96 AD2d 490; *Matter of Hines v New York City Hous. Auth.,* 67 AD2d 1000). Absent substantial evidence that the offender continued to reside with the petitioner, her tenancy cannot be terminated under the respondents' own termination procedures. To do so would be to impute the culpability of an emancipated nonresident adult to the petitioner solely because of her status as the mother of the offender *(see, Matter of Hines v New York City Hous. Auth., supra,* at 1002; *Matter of Edwards v Christian,* 61 AD2d 1045, 1046, *affd* 46 NY2d 964). Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.