■ In the Matter of LONGINA RODRIGUEZ, Petitioner, v LAURA BLACKBURNE et al., Respondents. [598 NYS2d 198] —Application by the petitioner in this CPLR article 78 proceeding, transferred to this Court by the order of the Supreme Court, New York County (Eugene Nardelli, J.), entered August 5, 1992, to annul the determination of the respondent, New York City Housing Authority, rendered October 9, 1991, is unanimously granted, on the law and facts, and the determination terminating petitioner's tenancy is annulled and vacated, without costs or disbursements.

Petitioner has been a tenant in the Jacob Riis Houses for approximately 15 years. In or about April of 1990, the respondent Authority sought to terminate her tenancy due to alleged drug related activities of her two eldest sons, Rene Rivera and Wilfredo Malave. This was settled by a stipulation wherein petitioner remained eligible for continued occupancy on condition Rene and Wilfredo be permanently excluded from her apartment and further upon the placement of petitioner's tenancy on probation for a period of one year. Within this period petitioner was served with charges and amended charges basically alleging that Rene Rivera was a resident of the apartment notwithstanding his permanent exclusion and had been in possession of heroin with intent to sell it on the project grounds.

After the hearing, the Hearing Officer sustained a charge of violation of probation, finding that while there was no proof that Rene Rivera permanently resided with the petitioner, there was proof that he did visit petitioner and that petitioner admitted knowing that he was a drug addict and was imprisoned for selling drugs. Thereafter, in a "Determination of Status" dated October 9, 1991, the respondent Authority terminated petitioner's tenancy. However, it purports to ter-

minate the tenancy upon the grounds of non-desirability and violation of permanent exclusion, charges which had been dismissed by the Hearing Officer for failure of proof. This article 78 proceeding ensued.

We agree with the petitioner that there was no violation of permanent exclusion since the Hearing Officer made a specific finding of fact that petitioner's son did *not* reside with her. In a case involving an alleged violation of permanent exclusion, it must be proved that the person required to be excluded was in occupancy at the project premises. In addition, the criminal conduct of one not occupying the premises cannot be used as a basis to find the tenant undesirable. "The stipulation must be interpreted as excluding the petitioner's son from occupancy in the project premises. The respondent's assertion that the exclusion was absolute and applied to any presence on the project premises is unreasonable and would impose an impossible burden on the petitioner. There has been no showing that she has any control over her emancipated adult child and she cannot be expected to physically prevent her son from visiting the premises. Thus, the determination that the petitioner violated the stipulation cannot be sustained. The determination of nondesirability is also unfounded. In part, the authority's rules define nondesirability as 'conduct or behavior of the tenant or any person occupying the premises of the tenant'. As there has been no showing that the petitioner's son occupied the premises, his criminal conduct may not be used as a basis for finding the petitioner to be nondesirable. Nor may such a determination be made solely upon the petitioner's status as the offender's mother." *(Matter of Edwards v Christian,* 61 AD2d 1045, 1046, *affd for reasons stated at App Div* 46 NY2d 964.)

While mothers are often not honored, indeed forgotten, not only upon Mother's Day, but also upon other days of the year, at the very least, we ought not to penalize them solely because they are mothers. Concur—Carro, J. P., Wallach, Asch and Rubin, JJ.