OPINION OF THE COURT
Thomas P. Aliotta, J.
Respondent, Gail Knox, moves for an order pursuant to *1012 CPLR 3211 and 404 dismissing the petition herein. Petitioner, North Shore Associates, also known as North Shore Plaza Associates (hereinafter North Shore), opposes said motion.
This action involves a summary holdover proceeding. Respondent was served with a notice of termination dated February 9, 1999, which terminated the tenancy effective February 25, 1999, pursuant to RPAPL 711 (5) and 715 (1), section 231 (1) of the Real Property Law, the Rules and Regulations of the Department of Housing Preservation and Development and the Rules and Regulations of the Department of Housing and Urban Development, due to respondent’s “using or permitting the subject premises to be used for an immoral or illegal purpose and for an illegal trade or business, to wit: the sale, storage, packaging or manufacturing of a controlled substance”. The notice further contained a seven-point list of facts surrounding the arrest of Gail Knox, Satchel Knox and Magaly Banchon inside the subject premises, where they were found to be in possession of marihuana. The search of the apartment and subsequent arrest is said to have occurred on or about October 15, 1998.
Respondent claims that the summary proceeding herein must be dismissed because of petitioner’s failure to comply with strict statutory requirements. She claims that the 10-day notice served upon her fails to lay out the underpinnings of the illegal conduct complained of, rendering the notice vague, conclusory and defective, necessitating dismissal of the petition. In addition, she claims that the petition is in violation of RPAPL 741, which requires that the petition in a summary proceeding state the facts upon which it is based. Because the 10-day notice is inadequate in alleging a violation of RPAPL 711 and 715, the petition is likewise insufficiently pleaded, she argues.
Petitioner opposes respondent’s motion and claims that it has satisfied all requirements for affirmative pleading by alleging substantive material elements of the landlord’s causes of action under RPAPL 711 (5). It cites applicable New York case law which supports its proposition that respondent was given adequate notice of the events out of which the petitioner’s grievance arises and claims that the substantive material elements of those causes of action are adequately alleged in the 10-day notice and the petition. It points out that the petition had annexed to it a copy of the search warrant, a copy of the arrest report which contained in it a description of the evi *1013 dence discovered in the respondent’s apartment, and a copy of the police laboratory controlled substance analysis report, which identified some of the evidence recovered during the execution of the search warrant as being marihuana. The police report dated October 15, 1998 indicates that, in addition to the marihuana, a scale and packaging materials were discovered in the premises. In support of its claim, petitioner further argues that there is no particular amount of drugs or paraphernalia necessary to state a cause of action for a drug eviction, and, accordingly, the petition is sufficient.
A claim may be dismissed for failure to state a cause of action (CPLR 3211 [a] [7]). Generally, in order to state a cause of ac- tion a petition must (1) give notice of the events out of which the petitioner’s grievance arises and (2) allege the substantive material elements of the particular cause of action relied on (New York County Dist. Attorney’s Off. v Rivera, NYLJ, Apr. 7, 1992, at 32, col 3; Siegel, NY Prac § 208 [2d ed, 1991]). RPAPL 741 (4) requires a petition to “[s]tate the facts upon which the special proceeding is based.” The petition must be based on a theory of recovery sufficiently particular and clear so as to inform the court and enable the respondent to-prepare for litigation (New York County Dist. Attorney’s Off. v Rivera, supra). RPAPL 711 (5) and 715 (1) create a cause of action which permits a landlord to recover possession of the premises and to remove the tenants therefrom where the premises is used “for any illegal trade or manufacture, or other illegal business.” (RPAPL 711 [5].) In a motion to dismiss for failure to state cause of action, every fact alleged in the petition is assumed to be true and the petition is construed liberally in the petitioner’s favor (New York County Dist. Attorney’s Off. v Hardin, Nov. 18, 1992, at 23, col 1). The term “use” has been construed to identify conduct which is continu- ous and recurrent (see, 1165 Broadway Corp. v Dayana, of N. Y. Sportwear, 166 Misc 2d 939; 1021-27 Ave. St. John Hous. Dev. Fund Corp. v Hernandez, 154 Misc 2d 141; Cohen v Car- roll, 63 Misc 2d 222; 190 Stanton v Santiago, 60 Misc 2d 224; Lituchy v Lathers, 35 Misc 2d 556). In the context of cases involving the use of the premises for the illegal business of drug trafficking and sales, the concept of “use” has been expanded to include the inference of the respondent’s participa-tion and/or acquiescence in the legal business (see, New York County Dist. Attorney’s Off. v Rivera, supra; see also, New York County Dist. Attorney’s Off. v Harvin, supra; Wingate Hall Co. v Bet- anees, NYLJ, Sept. 29, 1993, at 22, col 6). In the instant case, *1014 petitioner has attached to the petition and to the notice of termination copies of the search warrant, arrest reports of the respondents, the police laboratory controlled substance analysis report indicating that 17/8 ounces and 41 grains of marihuana were seized at the premises. The police report also indicates that a scale and packaging materials were seized during the search and subsequent arrests. The annexation of the above materials to the petition and to the notice of termination gives clear notice of the events out of which the petitioner’s grievance arises and serves to allege adequately the elements of its cause of action. Respondent’s participation or acquiescence in the use of the apartment for illegal drug sales may be inferred from the indicia of drug measurement, packaging and sales recovered in the search of the premises.
Accordingly, this court determines that petitioner has met its burden of pleading respondent’s alleged violation of RPAPL 711 (5) and 715 (1). Respondent’s motion is denied.