■ In the Matter of SYRACUSE HOUSING AUTHORITY, Appellant, v ANN M. BOULE, Respondent. [701 NYS2d 541] —Order and judgment unanimously reversed on the law without costs and petition granted. Memorandum: County Court erred in affirming the judgment of Syracuse City Court dismissing the petition under RPAPL article 7 to recover possession of respondent's apartment in a Federally funded public housing project. Petitioner commenced the proceeding because respondent's babysitter and others had engaged in drug-related criminal activity on or near the premises while respondent was at work. We reject the contention of respondent that, because she was not aware of the drug-related criminal activity and did not consent to it, good cause did not exist for her eviction. Although respondent was not implicated in any criminal activity, she violated that section of her lease affirmatively requiring her to cause her "guests, persons at the Apartment and other persons on the Premises * * * to refrain from engaging in criminal activity, including drug-related criminal activity" (*see, Memphis Hous. Auth. v Thompson*, 1999 WL 551162, 1999 Tenn App LEXIS 506 [Tenn Ct App, July 29, 1999, Farmer, J.]; *City of S. San Francisco Hous. Auth. v Guillory*, 41 Cal App 4th Supp 13, 49 Cal Rptr 2d 367; *Housing Auth. v Green*, 657 So 2d 552, *writ denied* 661 So 2d 1355 [La], *cert denied* 517 US 1169). Contrary to the contention of respondent, she is not being punished for the conduct of others in violation of her constitutional right to due process and freedom of association (*see, City of S. San Francisco Hous. Auth. v Guillory, supra,* 41 Cal App 4th Supp, at 20, 49 Cal Rptr 2d, at 372; *see also, Chavez v Housing Auth.,* 973 F2d 1245, 1249; *cf., Tyson v New York City*

*Hous. Auth.*, 369 F Supp 513). The subject lease provision is mandated by the United States Housing Act (*see*, 42 USC § 1437d [*l*] [6]), and it is consistent with the regulations of the United States Department of Housing and Urban Development (HUD) (*see*, 24 CFR 966.4 [*l*] [2] [ii] [B]) and HUD's "One Strike and You're Out" policy. By mandating that public housing leases contain language requiring tenants, under threat of eviction, to control the drug-related criminal activity of their guests, "Congress enacted a straightforward practical method of dealing with a serious public safety problem" (*City of S. San Francisco Hous. Auth. v Guillory, supra*, 41 Cal App 4th Supp, at 19, 49 Cal Rptr 2d, at 371). Pursuant to HUD's regulations and policy, petitioner has discretion to consider mitigating circumstances (*see*, 56 Fed Reg 51566-51567), and that flexibility is incorporated into respondent's lease (*see*, Lease § V [B] [5] [a]). Petitioner, however, is not "bound to exercise its discretion and consider mitigating factors" (*Allegheny County Hous. Auth. v Liddell*, 722 A2d 750, 755 [Pa Commw]). (Appeal from Order of Onondaga County Court, Mulroy, J.—RPAPL.) Present— Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ.