■ In the Matter of CHARLENE WILLOCK, Appellant, v SCHENECTADY MUNICIPAL HOUSING AUTHORITY, Respondent. [706 NYS2d 503] —Graffeo, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered January 12, 1999 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent evicting petitioner from a Federally subsidized apartment for violation of the lease.

This case arises out of petitioner's eviction from a Federally subsidized housing project in the City of Schenectady, Schenectady County, after marihuana was found in her apartment. Upon receiving a tip that illegal drug activity was occurring at petitioner's apartment, respondent provided petitioner with two days' written notice that her apartment would be inspected. During the inspection, marihuana was discovered and an eviction hearing was subsequently held in June 1998. The Hearing Officer concluded that petitioner had violated the lease by virtue of the presence of marihuana in her apartment and that she should be evicted. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination. Petitioner appeals Supreme Court's dismissal of her petition.**

Pursuant to the lease, respondent has a "zero tolerance" policy with respect to a "serious violation of the material terms" of the lease, including the possession of illegal drugs by the tenant or a guest in an apartment. Moreover, a tenant living in Federally subsidized housing is not permitted to continue occupancy if it is found that the tenant, or his or her household

---

* On this point, claimant testified and the chiropractor acknowledged that claimant's waitressing duties, which included serving customers and bussing/cleaning her tables or station, required repeated lifting and bending.

** Because this proceeding involved a question of substantial evidence, it should have been transferred directly to this Court by Supreme Court (*see, Matter of Blanco v Popolizio,* 190 AD2d 554, 554-555; *see also,* CPLR 7803 [4]; 7804 [g]).

guest, has possessed illegal controlled substances either on or off the premises (*see,* 42 USC § 1437d [*l*] [6]; 24 CFR 966.4 [f] [12] [i]).

Based on a review of the record, it is clear that marihuana was found in petitioner's apartment, together with an electronic digital scale that a security officer testified was commonly associated with the sale of drugs. We therefore conclude that there was substantial evidence that petitioner violated an explicit material term of the lease and was subject to eviction. Although petitioner claims that she was unaware that the guest in her apartment was in possession of marihuana, the lease specifically provides that it was petitioner's responsibility to prevent any guests from conducting illegal activities and neither the statute at issue (42 USC § 1437d [*l*] [6]) nor the applicable Federal regulation (*see,* 24 CFR 966.4 [f] [12] [i]) sets forth a requirement of knowledge by the tenant. Furthermore, the Federal Housing and Urban Development Agency has construed the statute as to allow for termination of a public housing tenant's lease regardless of knowledge or fault on the part of the tenant (*see,* 56 Fed Reg 51560, 51566-51567). Based on the foregoing, we conclude that respondent's eviction of petitioner was not erroneous (*see, Matter of Syracuse Hous. Auth. v Boule,* 265 AD2d 832).

Next, petitioner's argument that the inspection of the apartment by respondent constituted an unconstitutional search and seizure and that the notice of the search was inadequate is without merit. The notice provided by respondent stated that the purpose of the inspection was to inspect the apartment for possible lease violations. Clearly, this provided sufficient notice that petitioner's apartment could be inspected for the presence of controlled substances.

We have considered and found petitioner's remaining contentions to be without merit.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.