OPINION OF THE COURT
Memorandum.
In this RPAPL 711 (5) proceeding, the evidence at trial established that the police did a “controlled buy” operation in the subject apartment (which involves sending a confidential informer into the apartment to purchase narcotics) and that they thereafter obtained a search warrant for the premises. Upon executing the warrant at 7:30 a.m. on April 2, 1999, they recovered eight bags of crack cocaine, which were found underneath a shoe box in the hallway closet, and a ninth bag, which was lying upon the television stand in the bedroom in which tenant’s son James Hill was found sleeping. They also found a silver razor, on which there was crack cocaine residue, on the television stand, three beepers, two scales, and a shoe box containing the drug paraphernalia. James Hill was arrested in the apartment. On June 3, 1999, acting pursuant to information received from a confidential informant, the police executed a second search warrant at the premises. They recovered 10 bags of crack cocaine, one bag of marijuana, and two razor blades with cocaine residue on them. Lossell Johnson, the father of tenant’s grandchild, and a 16-year-old boy were arrested in the apartment. At the time of their arrests, both James Hill and Lossell Johnson told the police that the apartment was their address.
In our view, landlord’s proof established that the premises was regularly used for the preparation and sale of narcotics (RPAPL 711 [5]). While the cases have held that knowledge and acquiescence by the tenant of record in the illegal activity must also be shown in a RPAPL 711 (5) proceeding (e.g., Clifton Ct. v Williams, NYLJ, May 27, 1998, at 28, col 6 [App Term, 2d & 11th Jud Dists]; 220 W. 42 Assocs. v Cohen, 60 Misc 2d 983 [App Term, 1st Dept]; North Shore Assocs. v Knox, 180 Misc 2d 1011; 1895 Grand Concourse Assocs. v Ramos, 179 Misc 2d 508, 511; Lloyd Realty Corp. v Albino, 146 Misc 2d 841), it could be argued that this rule should be re-examined in light of the Appellate Division cases dispensing with the element of *288 knowledge in proceedings to evict tenants from Federally subsidized housing (Matter of Willock v Schenectady Mun. Hous. Auth., 271 AD2d 818, 819; Matter of Syracuse Hous. Auth. v Boule, 265 AD2d 832, 833; cf., Bennis v Michigan, 516 US 442 [Due Process Clause does not mandate that forfeiture statute include innocent-owner defense]; but see, Rucker v Davis, 237 F3d 1113 [9th Cir 2001], cert granted sub nom. Department of Hous. & Urban Dev. v Rucker, 533 US 976; Tyson v New York City Hous. Auth., 369 F Supp 513; Matter of Edwards v Christian, 61 AD2d 1045, affd 46 NY2d 964; Matter of Brown v Popolizio, 166 AD2d 44). We do not reconsider this rule here, however, for it is our view that the evidence introduced was, in any event, sufficient to give rise to an inference of such knowledge and acquiescence and that tenant’s claim that she had no knowledge of what was occurring in her apartment and her claim that no one was supposed to be in her apartment cannot be credited. On the contrary, it is clear that tenant must have known that there were people living in or using her apartment, that she knew or should have known of the use being made of her apartment, particularly after the first arrest in the apartment, and that while she may have taken some steps, she failed or refused to take all the steps necessary to ensure that her apartment was not used for unlawful purposes (see, Matter of Romero v Martinez, 280 AD2d 58, 63 [a tenant “may be held responsible for her own decision to permit the miscreant (son) to enter and stay in the apartment”]; Hauer v Manigault, 160 Misc 758, 760 [“Passive acquiescence may spell consent; and a failure to protest or abate, after knowledge or notice is shown, may evidence acquiescence”]; cf., Spence v Gormley, 387 Mass 258, 439 NE2d 741 [1982] [to defeat the proceeding, the tenant must negate the inference which arises when the wrongdoer is a household member and must show that she was unable to avert the unlawful conduct]). Justice requires that the other tenants in the building and the people living in the surrounding area not be subjected to having in their midst a premises that is used for the preparation and sale of narcotics (RPAPL 715; Matter of Walker v Franco, 275 AD2d 627, 628; Hudsonview Co. v Jenkins, 169 Misc 2d 389). Accordingly, we reverse and award possession to landlord.