Patterson, J.
(dissenting). RPAPL 711 (5) provides that a summary proceeding may be maintained where “[t]he premises, or any part thereof, are used or occupied * * * for any illegal trade or manufacture, or other illegal business.” This court has held that “[i]n order to demonstrate ‘use’ of the premises for il *289 legal purposes * * * a tenant must have knowledge of and acquiesce to the use of the demised premises for such an illegal activity” (Clifton Ct. v Williams, NYLJ, May 27, 1998, at 28, col 6 [App Term, 2d & 11th Jud Dists]). Because of the severity of the penalty — a forfeiture of the leasehold — this court has adopted the position that it is an element of the landlord’s burden of proof to show that the tenant participated or acquiesced in the illegal business (see, Clifton Ct. v Williams, supra; see also, 220 W. 42 Assocs. v Cohen, 60 Misc 2d 983). This element of knowledge does not exist here, and I must most respectfully dissent.
The majority, by its holding today, has abolished this critical element of knowledge and acquiescence, determining that the tenant, Priscilla Hill, should be evicted under RPAPL 711 (5). Ms. Hill lives alone and has resided in her rent-stabilized apartment for approximately 22 years. She works four consecutive 24-hour shifts, leaving her home early Wednesdays and returning on Sundays. When the search warrants were executed, Ms. Hill was at work, and her son James was in her apartment. Prior to the issuance of the search warrant, Ms. Hill had obtained an order of protection excluding her son, James Hill, from her home.
Ms. Hill obtained the order of protection seeking to exclude her son from the premises on or about March 27, 1999. On Friday, April 2, 1999, Detective Francis executed a search warrant of Ms. Hill’s apartment. James Hill and another person were found inside the apartment. In the bedroom where James Hill was found sleeping, a single bag of crack cocaine, two empty vials and a razor were found. Underneath a shoe box in the hallway closet, eight bags of crack cocaine were recovered. Three beepers, two scales, and a shoe box containing drug paraphernalia were also recovered. This is the totality of the evidence recovered during the search.
James Hill and the other individual were charged with criminal possession of a controlled substance in the third and seventh degrees and criminally using drug paraphernalia in the second degree.
On Thursday, June 3, 1999, a second search warrant was executed. On that day, when the police executed the warrant, Lossell Johnson[1] and a minor were present in the apartment. Ms. Hill testified that Mr. Johnson has never lived with her and that she did not give him a key to her apartment. The *290 minor was unknown to Ms. Hill. A small amount of contraband was recovered from the living room couch, the spare bedroom, and on the kitchen counter.
The detectives who testified at trial conceded that Ms. Hill was not involved in the two incidents that took place in her apartment. There was no evidence presented of any illegal activity occurring in the apartment when Ms. Hill was present. Indeed, the officers conceded that her apartment was well kept and did not look like a crack house. None of the individuals arrested following the execution of the warrants was ever charged with selling, manufacturing, or trafficking narcotics.
As noted at the outset, RPAPL 711 (5) provides that a special proceeding may be maintained if the premises, or any part thereof, are used or occupied for any illegal trade or manufacture or other illegal business. In the instant case, the illegal activity involves narcotics. Based upon the above facts and after evaluating the credibility of the witnesses, the trial court made a finding that the landlord had failed to demonstrate that Ms. Hill had any knowledge of the use of the premises for illegal activity or that she acquiesced in such use. The majority fails to identify any evidence that would justify disturbing that finding. In the absence of any showing of knowledge, a necessary element as established by prior decisions of this court, the trial court must be affirmed.
While the majority asseverates that it is not reconsidering the requirement that knowledge be established prior to the termination of the tenancy, by inferring knowledge and acquiescence on this record, it has in essence departed from our previous authority and has indeed adopted the standard asserted in Matter of Syracuse Hous. Auth. v Boule (265 AD2d 832)[2] and Matter of Willock v Schenectady Mun. Hous. Auth. (271 AD2d 818, 819).[3] Today’s decision is unceremoniously departing from our prior decision, which specifically requires that knowledge be established.
Indeed, it is “shocking to one’s sense of fairness to terminate the tenancies of persons who have not committed ‘nondesirable acts’ and have not had control over those who have committed *291 such acts” (Matter of Brown v Popolizio, 166 AD2d 44, 57). The intent of RPAPL 711 (5) “is to protect the health, safety and welfare of the other tenants, as well as the nearby community from the dangers and social evils that follow the drug trade” (City of New York v Wright, 222 AD2d 374, 375). Combating the drug crisis infesting the City is an important objective (Matter of Brown v Popolizio, supra). It can and should be accomplished, however, without the need to dispossess a tenant who is wholly unconnected to any illegal activities and indeed has taken legal steps to remove an emancipated adult child from the premises prior to any police involvement.
Scholnick, P. J., and Golia, J., concur; Patterson, J., dissents in a separate memorandum.

. Mr. Johnson is the father of Ms. Hill’s grandchild.

. In Matter of Syracuse Hous. Auth. v Boule, a Fourth Department decision, the Court held a public housing tenant strictly responsible for the illegal activity of an invited guest.

. In Matter of Willock v Schenectady Mun. Hous. Auth., the Third Department interpreted a Federal statute providing for termination of a public housing tenant’s lease as being effective regardless of knowledge or fault on the part of the tenant.