■ In the Matter of 88-09 REALTY, LLC, Respondent, v PRISCILLA HILL, Appellant, et al., Respondents. [757 NYS2d 904] —In a summary proceeding to recover the possession of real property, the tenant Priscilla Hill appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated November 9,

2001, which reversed a judgment of the Civil Court, Queens County (Jackman-Brown, J.), dated November 16, 1999, in effect, dismissing the petition insofar as asserted against her, granted the petition, and awarded possession of the premises to the petitioner landlord, 88-09 Realty, LLC.

Ordered that the order is affirmed, without costs or disbursements.

RPAPL 711 (5) authorizes the commencement of a special proceeding to regain possession of leased premises where "the premises, or any part thereof, are used or occupied * * * for any illegal trade or manufacture, or other illegal business." It is not necessary that the tenant actually participate in the illegal activity; it is sufficient that "the acts and conduct complained of warrant the inference of acquiescence" (*City of New York v Goldman,* 78 Misc 2d 693, 696 [1974]; *City of New York v Rodriguez,* 140 Misc 2d 467 [1988]).

We agree with the Appellate Term that the landlord, 88-09 Realty, LLC, met its burden of establishing that the appellant's apartment was being used by the appellant's son and other acquaintances of the appellant for drug dealing and that their activities persisted over such a period of time and were the subject of complaints by people in the community as to give rise to an inference that the appellant knew or should have known of the activities, and acquiesced therein (*see 1895 Grand Concourse Assoc. v Ramos,* 179 Misc 2d 508 [1998]; *1021-27 Ave. St. John Hous. Dev. Fund Corp. v Hernandez,* 154 Misc 2d 141 [1992]). The appellant failed to present any credible evidence to controvert this inference. Accordingly, the Appellate Term correctly awarded possession of the apartment to the landlord.

We note that since the Appellate Term analyzed this case under the established New York "knowledge and acquiescence" standard, we need not address the parties' contentions regarding the seemingly "strict liability" standard enunciated by the United States Supreme Court in *Department of Hous. & Urban Dev. v Rucker* (535 US 125 [2002]). Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur. [*See* 190 Misc 2d 286.]