OPINION OF THE COURT
Scott Fairgrieve, J.
The court files show that the petitioner, Town of Oyster Bay Housing Authority, filed a notice of petition on September 15, 2011 to recover the premises located at 50-18 Glen Cove Road, Oyster Bay, New York 11771. A default judgment was entered in favor of petitioner on November 28, 2011. Respondent, Julie Wilicki, then filed an order to show cause on February 13, 2012. On March 2, 2012, the parties stipulated on consent to restore the matter to the court’s calendar.
The petitioner now moves for entry of a judgment of possession and an issuance of a warrant of eviction. The respondent opposed the motion. The petitioner filed a reply.
In this holdover proceeding, the petitioner claims that the respondent’s lease should be terminated due to drug-related criminal activity. The respondent was arrested for driving under the influence of psychotropic medication on August 31, 2011, while driving in the area of East Hills/Greenvale, New York. Petitioner also claims that the respondent’s lease should be terminated due to an altercation with a neighbor that petitioner claims disturbed the other neighbors.
In September 2010, the respondent had an altercation with her neighbor which led to the neighbor calling the police. Petitioner alleges that the respondent assaulted the neighbor.
*926 In her affidavit in support of her motion, respondent denies ever assaulting the neighbor. Rather, respondent claims she confronted the neighbor because she believed the neighbor was trying to sell drugs to her daughter.
CPLR 3212 (b) states:
“A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit. The motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party. Except as provided in subdivision (c) of this rule the motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact. If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion.”
The petitioner has not submitted any affidavit corroborating petitioner’s version of events. Petitioner’s evidence is insufficient to meet its burden.
Petitioner wants the court to hold that even if respondent’s claim that she did not assault the neighbor is true, respondent’s version of the incident demonstrates that she acted in a manner that disturbed the neighbors, which is in violation of paragraph 8 (e) of the lease. Paragraph 8 (e) states: “Tenant shall not act or allow household members or guests to act in a manner that will disturb the rights or comfort of neighbors.”
The court does not agree with the petitioner. For the court to allow the respondent, a tenant at the premises for 25 years, to be evicted for confronting a neighbor who she believed attempted to sell her daughter drugs would be ill advised. The court will not set a precedent in which a tenant is penalized for protecting the health and safety of his or her child. Further, the incident occurred almost two years ago. Respondent has not had any other altercations in the duration of her 25-year residence at the premises with other residents of the premises ei *927 ther prior to or after the incident in September 2010. While true that even one incident is sufficient to constitute “good cause” for termination of a lease, petitioner has reaffirmed the respondent’s tenancy numerous times since the incident, demonstrating that the incident was not of major concern to the petitioner. To terminate a 25-year tenancy due to this altercation would be inappropriate. Petitioner provides no valid legal basis for eviction.
Petitioner also contends that respondent’s driving under the influence incident constitutes drug-related activity, which is in violation of paragraph 14 (n) of the lease. Paragraph 14 (n) states a tenant can be evicted for “any violent or drug-related activity on or off the premises, not just on or near the premises.” In order to constitute drug-related activity, Department of Housing and Urban Development (HUD) regulations require that illegal drugs be used or possessed with intent to sell, distribute, or use. (24 CFR 5.100.)
Petitioner wants the court to hold that the respondent’s use of the prescription medication was illegal and therefore the petitioner has the right to evict her. Under federal housing law, a public housing tenant can be evicted for: “criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises by other tenants or any drug-related criminal activity on or off such premises, engaged in by a public housing tenant.” (42 USC § 1437d [1] [6].)
The court does not adopt this rationale. The HUD Public Housing Occupancy Guidebook, § 17.6 at 204 (June 2003), provides that “if the PHA claims that drug-related criminal activity has occurred, proof that illegal drugs were involved will be needed . . . , as well as some proof tying the sale, possession, use, manufacture etc. of the drugs to the tenant being evicted.”
The Third Department defined the offense of drug-related criminal activity as involving “illegal drugs” or “illegal controlled substances.” (Matter of Willock v Schenectady Mun. Hous. Auth., 271 AD2d 818, 818-819 [2000].) The drugs used by respondent were prescribed and not illegal. Further, subsection (4) of 42 USC § 11901 makes clear that Congress aimed to prevent violent crimes by enacting the Public and Assisted Housing Drug Elimination Act. Respondent’s driving under the influence of prescription medication was not violent in anyway. To evict the respondent for this incident would be contrary to *928 public policy, and would also go against the intent of the drafters of the statute.
The petition is dismissed with prejudice.