OPINION OF THE COURT
Per Curiam.
Final judgment entered March 14, 2012, reversed, without costs, and final judgment awarded to landlord upon its cause of action for possession. Execution of the warrant of eviction shall be stayed for 30 days from the service of a copy of this order with notice of entry.
Evidence at trial established that police, in the course of a lawful search of tenants’ apartment, recovered, among other items, multiple ziplock bags containing marijuana, a strainer and scale, each containing cocaine residue, and a substantial amount of cash. These items were found in a locked closet, for which tenant Gomez and her son had the only keys. Based upon this evidence, we find that landlord met its burden of establishing that tenant’s apartment was being used for “drug-related criminal activity” in violation of tenant’s Section 8 lease agreement. Moreover, in light of the location, amount and nature of the contraband, an inference was raised that tenants knew or should have known of this drug-related activity (see Matter of 88-09 Realty v Hill, 305 AD2d 409, 410 [2003]; New York City Hous. Auth. v Otero, 5 Misc 3d 134[A], 2004 NY Slip Op 51454[U] [App Term, 1st Dept 2004]), an inference that tenants failed to rebut. Indeed, tenants failed to offer any plausible explanation for the presence of the contraband. Given the persuasive showing of tenants’ knowing violation of the lease, and in the absence of any express credibility findings below, we exercise our authority to render the judgment warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
In view of the foregoing, we need not address whether the strict liability standard enunciated in Department of Housing & Urban Development v Rucker (535 US 125 [2002]), is properly *16 applied to a drug holdover proceeding brought against a Section 8 tenant.
Shulman, J.E, Hunter, Jr. and Torres, JJ., concur.