551 West 172nd Street LLC, Petitioner-Landlord-Appellant, 
against
Gilda Taveras and Edwin Taveras, Respondents-Tenants-Respondents.



Landlord appeals from a final judgment of the Civil Court of the City of New York, New York (Jean T. Schneider, J.), entered on or about July 19, 2016, after a nonjury trial, in favor of tenant dismissing the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered on or about July 19, 2016, affirmed, with $25 costs.
Civil Court properly determined that the evidence adduced at trial in this holdover summary proceeding commenced pursuant to RPAPL § 711(5) and Real Property Law § 231(1), was insufficient to sustain the landlord's burden of proving by a preponderance of the credible evidence that the subject premises were used to facilitate trade in drugs and that the tenant Gilda Taveras knew or should have known of the activities and acquiesced in the illegal drug activity in the apartment (see 855-79 LLC v Salas, 40 AD3d 553, 554 [2007]; 88-09 Realty, LLC v Hill, 305 AD2d 409, 410 [2003]). In this regard, no claim or showing was made that the tenant herself sold or attempted to sell drugs from the apartment or from the building premises, or that the apartment was utilized as a focal point for drug activity. Nor was any persuasive evidence presented to show that tenant, a full-time home attendant who slept away from the apartment one night a week during the relevant time period, knew or acquiesced in the illegal drug related activities of her adult son who (then) resided with her. As the trial court expressly found, "there [was] little if any evidence that [tenant's son] used the subject apartment or the building in an illegal trade or business and there [was] no evidence at all that [tenant] knew or should have known of [her son's] activities. In fact, the evidence suggests that [tenant's son] did everything he could to keep marijuana away from the apartment and his activities hidden from his mother."
Landlord also failed to establish that tenant violated paragraph 17 of the governing lease agreement, which authorized landlord to terminate the lease in the event that tenant created a nuisance, engaged in conduct detrimental to the safety of other tenants, or was disturbing to other tenants.
On a bench trial, the decision of the fact-finding court should not be disturbed on appeal unless it is obvious that the court's conclusions could not be reached under any "fair interpretation of the evidence," especially where the findings of fact rest in large measure on considerations relating to the credibility of witnesses (Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]). Under these circumstances, we find no basis to disturb the trial court's fact-based determination that the evidence presented did not warrant a forfeiture by tenant of this long-term tenancy (see Second Farms Neighborhood HDFC v Lessington, 31 Misc 3d 144[A], 2011 NY Slip Op 50929[U] [App Term, 1st Dept 2011]; 554 W. 148th St. Assoc. LLC v Thomas, 8 Misc 3d 132[A], 2005 NY Slip Op 51139[U] [App Term, 1st Dept 2005]).
We have examined landlord's remaining arguments, including its contention that tenant's son was himself a tenant of the subject apartment during the relevant time period, and find them to be without merit. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: January 29, 2018